### DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

#### OF THE

## STATE OF NEW JERSEY

### NOVEMBER TERM, 1918.

TRESSA M. JENSEN, RESPONDENT, v. F. W. WOOLWORTH COMPANY, A CORPORATION, APPELLANT.

Submitted December 9, 1918—Decided February 6, 1919.

1. Where it appears that the life of an employe is at stake and that, at least in all probability, it can only be saved by a surgical operation, by the attendance of physicians, by nursing and by medicines, all of which will require the expenditure of money which the patient does not possess and cannot raise, such a circumstance is sufficient to warrant a commutation of the payment to come due to the employe under paragraph 21 of the Workmen's Compensation act (*Pamph. L.* 1911, *p.* 134), as amended (*Pamph. L.* 1913, *p.* 302, ¶ 6), and such commutation, in these circumstances, is not defeated by the concluding portion of the statute that it shall not be made to enable the employe to satisfy a debt, or to make payment to physicians, lawyers or other persons.
2. In construing a statute where literal interpretation may lead to absurd results, resort may be had to the principle that the spirit of the law controls the letter. And, where a saving clause in a statute, if good, would render the statute of no effect or operation, the saving clause is void.

3. The inhibition, contained in paragraph 21 of the Workmen's Compensation act, against commutation for payment to physicians, lawyers or other persons, is meant to protect the employe in the enjoyment of the periodical payments, by making it impossible for him to yield to the importunities of creditors, or to raise money to be spent in enterprises of a doubtful or hazardous nature, and does not apply where it is necessary that commutation be made to raise money to save the life of the employe by a surgical operation, or where it appears that commutation will otherwise be for the best interest of the employe.

On appeal from the Supreme Court.

This case came up on *certiorari* to the Supreme Court to review the judgment, order and proceedings of the Morris County Court of Common Pleas upon a petition praying for commutation of an award of compensation granted to petitioner under the Workmen's Compensation act.

Petitioner's injury resulted from the accidental swallowing of pins on March 21st, 1915, while in the employ of respondent.

The Court of Common Pleas of Morris county determined in the compensation proceedings that petitioner suffered a disability total in character and permanent in quality, and decreed compensation payable at the rate of $5 a week for not more than four hundred weeks.

On September 21st, 1917, petitioner filed a verified petition praying for commutation into a lump sum payment of balance of compensation by respondent to petitioner.

The court thereupon, after hearing the testimony of Dr. James F. Horn, on behalf of the petitioner, filed findings of fact and an order commuting into a lump sum payment the balance due under the original award. The Supreme Court affirmed this order of the court, and from this order and judgment an appeal is taken to this court.

For the appellant, *M. Casewell Heine.*

For the respondent, *Benjamin F. Jones.*

The opinion of the court was delivered by

WALKER, CHANCELLOR.   The appellant makes four points on this appeal and argues them under two heads, namely, (1) that the order commuting the award of compensation is contrary to the provisions of the statute (*Pamph. L.* 1911, *p.* 134, § 21; amended, *Pamph. L.* 1913, *p.* 302, § 6); and (2) that there is no evidence to support the finding of the Common Pleas upon which commutation was based.

The Supreme Court, in a *per curiam*, remarked that the order of commutation was made in accordance with the provisions of the statute, and that there was sufficient evidence before the court to support the order reviewed, and affirmed the judgment of the Morris Pleas.   Dr. Horn, who gave evidence for the petitioner on this application, testified that she was in bed in a helpless condition; has required the constant attention of nurses; there is a pin near the base of her brain, and that in his opinion an operation will have to be performed to save her life; she is in need of constant care and attention, and unless she receives the same her life cannot be saved.

The statute provides, among other things, that as commutation is a departure from the normal method of payment, it is to be allowed only when it clearly appears that some unusual circumstances warrant such a departure.   If to be bed-ridden, with the requirement of a surgical operation to save the patient's life is not an unusual circumstance and such an one as warrants commutation of future weekly payments into a lump sum to enable the patient to procure the services of a surgeon and the proper medical attention and nursing, it is hard to conceive of circumstances that would call for the making of an order for commutation.   It is plain, therefore, that there was sufficient evidence before the Morris Pleas to support the order, as was said by the Supreme Court, and it is familiar doctrine that on appeal in these cases the findings of fact in the Common Pleas are conclusive if there be any evidence to support them.   *Sexton* v. *Newark Dist. Tel. Co.,* 84 *N. J. L.* 85; *Hulley* v. *Moosbrug-*

*ger,* 88 *Id.* 161. That Dr. Horn's testimony was at least some evidence to support the finding of the Pleas is too plain for argument.

The only other contention is that the order commuting the award is contrary to the provisions of the statute. So much of the section (*Pamph. L.* 1911, *p.* 134, § 21; amended, *Pamph. L.* 1913, *p.* 302, § 6) as applies, reads as follows:

"The compensation herein provided may be commuted by said Court of Common Pleas, * * * if it appear that such commutation will be for the best interest of the employe * * * or that it will avoid undue expense or undue hardship to either party. * * *

"In determining whether the commutation asked for will be for the best interest of the employe * * * or that it will avoid undue expense or undue hardship to either party, the judge of the Court of Common Pleas will constantly bear in mind that it is the intention of this act that the compensation payments are in lieu of wages and are to be received by the injured employe * * * in the same manner in which wages are ordinarily paid. Therefore, commutation is a departure from the normal method of payment and is to be allowed only when it clearly appears that some unusual circumstances warrant such a departure. Commutation shall not be allowed for the purpose of enabling the injured employe .* * * to satisfy a debt, or to make payment to physicians, lawyers or any other persons."

Many, if not all, of the states have statutory provisions for the commutation of weekly payments into gross sums, but we have been pointed to none, nor have we found any, which is similar to ours; nor has ours been construed with reference to any given circumstances making a case falling within its provisions. We are therefore confronted in the case at bar with a question of novel impression.

Going now to the letter and spirit of section 6 of the act of 1913, amending section 21 of the act of 1911, we find that the court may order commutation if it appear that it will be for the best interest of the employe. Surely it will be for the

best interest of Miss Jensen to be placed in funds which it appears may save her life, rather than that she be compelled to take the chance of almost certain death without them. Then, too, commutation may be made to prevent undue hardship. The same reasoning applies.

Bearing in mind that it is the intention of the act that compensation payments are in lieu of wages and are to be received by the injured employe in the same manner in which wages are ordinarily paid, that is, in installments, and while commutation is a departure from the normal method of payment to be allowed only when it clearly appears that some unusual circumstances warrant it, we think those circumstances are present in the case *sub judice,* namely, that the life of the employe appears to be at stake, and that, at least in all probability, it can only be saved by a surgical operation, by the attendance of a physician, by nursing and by medicines, all of which will require the expenditure of moneys which the patient does not possess and cannot raise.

Commutation in these circumstances is not to be defeated by the concluding provision of the statute that it shall not be made to enable the employe to satisfy a debt, or to make payment to physicians, lawyers or other persons. Of course if the exception ended with the clause that commutation shall not be made to enable the party to pay a debt, it would be too plain for argument that no order could be made to enable an employe to discharge a sum already due and payable, and when it goes on to provide that it shall not be made to enable payment to physicians, lawyers or other persons, it might seem at first blush to prohibit the very thing sought to be accomplished here, namely, to enable this unfortunate woman to secure the essentials to save her life. And such a construction may seem plausible because the prohibition against paying debts, that is, past-due obligations, is followed disjunctively "or to make payment to physicians," &c., for if a physician's bill had been already incurred it would be comprehended under the term "debt" and there would be no reason for the further provision prohibiting payment to physi-

cians. A literal construction, therefore, of this last provision would nullify the earlier provisions of the section and deny suffering employes the evidently intended benefits provided for in the section. If commutation could not be made to enable payment to any person for anything, it manifestly could not be made at all. This inhibition against commutation for payment to physicians, lawyers or other persons is evidently meant to protect the employe in the enjoyment of the periodical payments, by making it impossible for him to yield to importunities of creditors for the discharge of their already due obligations, or to raise money to be spent in enterprises of a doubtful or hazardous nature, or where it does not appear that commutation will otherwise be for the best interest of the employe, or is not needed to avoid undue expense or hardship, or when it does not appear that some unusual circumstances warrant a departure from the normal method of periodical payments.

Let it be borne in mind that the statute empowers the court to commute the compensation in certain circumstances, and then provides that it shall not be allowed in order to make a payment to any person. If no payment for anything to any person could be made, for what could the lump sum be used? For nothing. If commutation be ordered it would certainly be for the purpose of use by the person to whom it was awarded, and it could not be used by any such person without passing it on to others. If effect is to be given to the provision that commutation may be made, effect cannot be given to the provision that it shall not be made to enable payment by the employe to anybody, without compelling the recipient to hoard it or give it away, things too absurd for serious mention.

The rules of construction prevent any of the words of this section from defeating the obvious intent of the legislature. In construing a statute where literal interpretation may lead to absurd results, resort may be had to the principle that the spirit of the law controls the letter. *Mendles* v. *Danish*, 74 *N. J. L.* 333. The intended benefits to be derived by an in-

jured employe from commutation of periodical payments into a lump sum, in proper circumstances, is not to be defeated by the provision that commutation shall not be allowed to make payment to physicians, lawyers or other persons—not if unusual circumstances call for payments to any of them. If, however, the provision last mentioned is so plain as not to admit of construction which will harmonize it with the other provisions of the section, then it is void, for where a saving clause, if good, would render a statute of no effect or operation, the saving clause is void—a saving totally repugnant to the body of an act is void. 1 *Bl. Com.* 89.

Either upon a liberal construction of the provision in question, or by treating it as inoperative, the petitioner is entitled to prevail. In our opinion the Supreme Court reached the right result in this case, and its judgment should be affirmed for the reasons above expressed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, MINTURN, KALISCH, WHITE. HEPPENHEIMER, WILLIAMS, GARDNER, JJ. 11.

*For reversal*—None.