NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

NICOLINA ARMENTI, PETITIONER, v. EDWARD A. RYAN,
RESPONDENT.

Decided July 8, 1936.

For the respondent, *Clarence B. Tippett.*

For the petitioner, *Charles A. Rooney.*

\*　　\*　　\*　　\*　　\*　　\*　　\*

The only question involved in the case *sub judice* is whether or not a niece is a dependent under the act.

Webster defines "niece" as the daughter of a brother or sister or a brother-in-law or sister-in-law.

The act specifically states who are dependents and includes therein nieces and nephews. It does not restrict to those by affinity or those by consanguinity.

I have carefully reviewed the various cases referred to by both attorneys in their briefs as well as in their argument before me at the time of trial. Great stress was laid by respondent's attorney on the case of *Schoen* v. *Siegmund,* 119 *N. J. Eq.* 524; 183 *Atl. Rep.* 292, but the means of interpretation of the Wills act is different than that of the Compensation act.

A strict interpretation of the Wills act has been and is followed by our courts. The intent of the donor is to be strictly construed but the Compensation act is defined in *Jersey City* v. *Borst,* 90 *N. J. L.* 454; 101 *Atl. Rep.* 1033, a "remedial one"—"to be liberally construed."

In the case of *Jensen* v. *Woolworth,* 92 *N. J. L.* 529; 106 *Atl. Rep.* 808, it was held: "If a liberal construction of the act would lead to absurd results, resort may be had to the principal that the spirit of the law controls the letter."

The courts have time and time again stated the act is a remedial law of prime import. It should be liberally and broadly construed. *Schmid* v. *Stanton Forging Co.,* 104 *N. J. L.* 471; 142 *Atl. Rep.* 4.

*In re Merrill,* 88 *N. J. Eq.* 261; 102 *Atl. Rep.* 400, states "the real intention of a statute, when ascertained, will prevail over the literal sense of terms.

Prior to the amendment (*Pamph. L.* 1919, *ch.* 93, *p.* 206) nephews and nieces were not included in the act. When the act was so amended they were included without restriction.

The words "actual dependents" and "who are dependent upon the deceased" as used in our act, means relatives in some degree mentioned in the act, who were dependents in fact and being wholly as to a substantial degree supported by the deceased at the time of his death. *Hammill* v. *Pennsylvania Railroad,* 87 *N. J. L.* 388; 94 *Atl. Rep.* 313; *Havey* v. *Erie Railroad,* 87 *N. J. L.* 444; 95 *Atl. Rep.* 124.

I am, therefore, holding that regardless of whether the relationship is by affinity or consanguinity nieces and nephews are dependents and that in the case *sub judice* compensation is payable as follows:

Three hundred (300) weeks at $20 per week as provided in the statute for a wife.

$19.60 per week from the termination of the three hundred (300) weeks until Marie Fedi, the niece, arrives at the age of sixteen.

Funeral allowance in the amount of $150 is to be paid by the respondent.

Stenographic fee is to be paid by the respondent.

Counsel fee in the amount of $300 is to be paid by the respondent.

JOHN C. WEGNER,
*Referee.*