DIVISION OF TAX APPEALS.

IN THE MATTER OF THE APPEAL OF CITY OF NEWARK v. AMERICAN REALTY AND INVESTMENT CO., FOR THE YEAR 1946.

Decided April 27th, 1948.

For the petitioner, *Vincent Casale.*

For the respondent, *Joseph L. Lippman.*

WAESCHE, COMMISSIONER. The City of Newark brought this appeal to the Division of Tax Appeals from the judgment of the Essex County Board of Taxation which fixed the assessment for the year 1946 on the land of the American Realty and Investment Co., known on the tax duplicate of said city as Block 164, lots 20 and 23. The original assessment on the land for 1946, as fixed by the city's assessor, was $136,900. The taxpayer appealed from this assessment to the Essex County Board of Taxation, which board reduced the assessment to $109,500. The city appealed to the Division of Tax Appeals to increase the assessment to the true value of the land.

The attorneys for the City of Newark and for the taxpayer agree that the judgment of the Essex County Board of Taxation was entered and published on October 8th, 1946. The city's petition of appeal was filed with this division on November 9th, 1946, more than one month after the publication of the County Board's judgment. The taxpayer, therefore, now moves to dismiss the city's appeal, because the petition of appeal was not filed with this division within one month from the date the Essex County Board of Taxation published the entry of its judgment (*N. J. S. A.* 54:2–39). The city contends that the statute does not limit the time within which it must file this appeal.

The first appeal which the statute allows to an aggrieved taxpayer or to a taxing district for discrimination is an appeal to the County Board of Taxation under section 54:3–21 of the Revised Statutes as amended (*N. J. S. A.* 54:3–21). The petition of appeal must be filed with the County Board on or before August 15th following the assessment. The time limit for filing an appeal to the County Board is the same,

under the statute, for both the taxpayer and the taxing district.

Section 54:2–39 of the Revised Statutes, as amended, *Pamph. L.* 1946, *ch.* 161, *p.* 726, § 8; *N. J. S. A.* 54:2–39, permits an "appellant who is dissatisfied with the judgment of the County Board of Taxation upon his appeal" to appeal from that judgment to the Division of Tax Appeals by filing a petition of appeal with the Division "within one month" from the date on which the County Board of Taxation published the entry of its judgment. Under this section of the statute, only the appellant before the County Board of Taxation is given the right of appeal to the Division of Tax Appeals. Since the city was not the appellant before the County Board, the appeal *sub judice* was not brought under this section of the statute.

Section 54:2–35 of the Revised Statutes, as amended, *Pamph. L.* 1946, *ch.* 161, *p.* 726, § 7; *N. J. S. A.* 54:2–35, provides that any action or determination of a County Board of Taxation may be appealed for review to the Division of Tax Appeals. Under this section of the statute, any taxpayer or a taxing district may appeal from the County Board judgment to the Division of Tax Appeals. The appeal *sub judice* was brought under this section of the statute.

The purpose of the three sections of the statute mentioned above as to provide within a reasonable time a fair and impartial review and final determination of the original assessment. The policy of the state is to insure the taxation of all property at its true value (*R. S.* 54:3–13; *N. J. S. A.* 54:3–13), and to settle all tax controversies within a reasonable time. *Montclair* v. *State Board of Tax Appeals,* 127 *N. J. L.* 382; 22 *Atl. Rep.* (*2d*) 525; *affirmed,* 128 *N. J. L.* 319; 24 *Atl. Rep.* (*2d*) 849. These three sections of the statute are *in pari materia.* They must be construed as a related whole, and a uniform and consistent legislative intent must be given to all parts thereof "so as to consistently effectuate the general legislative policy." *West Shore Railroad Co.* v. *State Board of Tax Appeals,* 92 *N. J. L.* 332, 335; 104 *Atl. Rep.* 335; *Passaic National Bank, &c., Co.* v. *Eelman,* 116 *N. J. L.* 279, 287; 183 *Atl. Rep.* 677, 681; *Jamou-*

*neau* v. *Murphy,* 130 *N. J. L.* 498, 502; 33 *Atl. Rep.* (*2d*) 834; *affirmed,* 131 *N. J. L.* 39; 34 *Atl. Rep.* (*2d*) 417. In the case of *Croter* v. *County of Somerset* (*Court of Errors and Appeals*), 123 *N. J. L.* 407, 410, 412; 8 *Atl. Rep.* (*2d*) 691, 694, the court said:

"It is an elementary canon of construction that effect must be given, if possible, to every clause and sentence of a statute. It is to be presumed that every provision has significance in the delineation of the legislative purpose. * * *

"These enactments were *in pari materia,* and, on well settled principles of interpretation, are to be construed together as a homogeneous and consistent whole, giving effect to all their provisions and leaving no clause inoperative."

In the recent opinion of the Court of Errors and Appeals in the case of *Edgewater* v. *Corn Products Refining Co.,* 136 *N. J. L.* 664, 668; 57 *Atl. Rep.* (*2d*) 39, 42, the court said:

"The statute is not to be given an arbitrary construction, according to the strict letter, but one that will advance the sense and meaning fairly deducible from the context. It is to be reasonably construed with reference to the central purpose of the entire enactment. The general intent is to be kept in view in ascertaining the scope and meaning of any part. The obvious definite purpose of the law giver is an implied limitation on the sense of general terms, and a touchstone for the expansion of narrower terms. The plain intention always prevails over the literal sense of the terms; the reason of the enactment will prevail over the strict letter. * * * It is not 'the words of the law, but the internal sense of it that makes the law.' * * * *If the sense and reason of the enactment find expression in the instrument as a whole, it is to be effectuated accordingly."*

As stated above, *R. S.* 54:3-21; *N. J. S. A.* 54:3-21, fixes August 15th following the assessment as the time limit for filing an appeal to the County Board of Taxation for both the taxpayer and the taxing district. If a taxing district or a taxpayer is the appellant before the County Board and dissatisfied with the judgment of that board, either may appeal to the Division of Tax Appeals, provided the petition of appeal is filed with the Division of Tax Appeals within one

month from the date of the publication of the County Board judgment, *N. J. S. A.* 54:2–39. This limitation of time for filing a petition of appeal to the Division of Tax Appeals is applicable to the appellant before the County Board, whether the appeal is filed by a taxpayer or a taxing district. This is consistent with the time limitation fixed by the statute for a taxpayer or a taxing district to file an appeal to the County Board. It is also consistent with the policy of the state to settle all tax controversies within a reasonable time.

But, if the taxing district or the taxpayer is not the appellant before the county board, then, in that event, either may appeal to the Division of Tax Appeals under *R. S.* 54:2–35; *N. J. S. A.* 54:2–35. Unless the time limitation for filing an appeal under *R. S.* 54:2–35; *N. J. S. A.* 54:2–35 is the same as under *R. S.* 54:2–39; *N. J. S. A.* 54:2–39, the law is not uniform. Furthermore, unless the time limitation for filing an appeal under *R. S.* 54:2–35; *N. J. S. A.* 54:2–35 is controlled by the time limitation under *R. S.* 54:2–39; *N. J. S. A.* 54:2–39, there is no statutory time limitation for filing an appeal under *R. S.* 54:2–35; *N. J. S. A.* 54:2–35. The law, then, would not only be inconsistent, but would also be contrary to the policy of the state, which is to settle all tax controversies within a reasonable time. The following absurd situation would then be possible under the statute: the appellant before the County Board would be required by *R. S.* 54:2–39 *N. J. S. A.* 54:2–39, to file his appeal within one month from the publication of the County Board judgment, which appeal actually could be heard and determined by the Division of Tax Appeals and the right of appeal from the same County Board judgment would still remain open under *R. S.* 54:2–35; *N. J. S. A.* 54:2–35. This not only violates the public policy and necessity which requires an end to litigation, but, in addition, statutes ought not be given a construction that may lead to absurd, unjust, or contradictory results. *Jensen* v. *Woolworth Co.,* 92 *N. J. L.* 529; 106 *Atl. Rep.* 808; *Donohue* v. *Campbell,* 98 *N. J. L.* 755; 121 *Atl. Rep.* 700.

The very point under discussion was decided by the State Board of Tax Appeals on February 5th, 1935, in an opinion

by President Weaver, in the case of *Newark* v. *American Cable Co., et al.,* 1934-1939 *Tax Reports* 21; 58 *N. J. L. J.* 82. The city's appeals, in that case, were taken under section 10 of chapter 120 of the laws of 1906. This section later became section 54:2–35 of the Revised Statutes, *N. J. S. A.* 54:2–35. The petitions of appeal were filed after December 15th following the County Board judgment. The taxpayer moved to dismiss the appeals because they were filed out of time. Mr. Weaver held that the time limitation for filing the petitions of appeal pursuant to section 10, of chapter 120, of the laws of 1906 (later to become *R. S.* 54:2–35; *N. J. S. A.* 54:2–35), was controlled by section 704 of chapter 236, of the laws of 1918, as amended by section 14 of chapter 266, of the laws of 1933, which required petitions of appeal to be filed on or before December 15th. That part of section 704 requiring petitions of appeal to be filed on or before December 15th following the County Board's judgment became part of section 54:2–39 of the Revised Statutes, *N. J. S. A.* 54:2–39. The State Board of Tax Appeals, therefore, dismissed the city's appeals because, under said section 704, they were filed out of time.

Sections 54:2–35 and 54:2–39 were re-enacted in chapter 161 of the laws of 1946. In the case of *Ross* v. *Miller,* 115 *N. J. L.* 61, 64, 65; 178 *Atl. Rep.* 771, 773, the court, quoting from the case of *Lynch* v. *Long Branch,* 111 *N. J. L.* 148; 167 *Atl. Rep.* 664, said:

" 'A judicial construction of a statute of long standing has force as a precedent from the presumption that the legislature is aware of it, and its silence a tacit admission that such construction is correct. The re-enactment of a statute after a judicial construction of its meaning is to be regarded as a legislative adoption of the statute as thus construed. So, where the terms of a statute which has received a judicial construction are used in a later statute, * * * that construction is to be given to the later statute; for if it were intended to exclude any known construction of a previous statute, the legal presumption is that its terms would be so changed as to effectuate that intention.' "

For the foregoing reasons, the appeal of the City of Newark in the case *sub judice* should be dismissed.