688 A.2d 655

AVELINO M. VIEIRA, PETITIONER–RESPONDENT,
v. ON SHORE CONSTRUCTION CO.,
RESPONDENT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued December 10, 1996—Decided February 19, 1997.

Before Judges DREIER, D'ANNUNZIO and COSTELLO.

*Francis T. Giuliano* argued the cause for appellant.

*Phillip C. Wiskow* argued the cause for respondent (*Bongiovanni, Collins & Warden,* attorneys; *Mr. Wiskow,* on the brief).

The opinion of the court was delivered by

COSTELLO, J.S.C., (temporarily assigned).

Respondent-employer appeals from a decision by a Judge of Compensation granting petitioner-employee's application for commutation of benefits. We affirm.

On August 25, 1992, Avelino M. Vieira fell and was impaled on a stake in an employment related accident. Vieira is a paraplegic as a result of his injury and is totally and permanently disabled. He was awarded 450 weeks of disability at the rate of $339.56 per week, beginning January 28, 1993. In the normal course, the benefits would continue to September 25, 2001. The Judge of Compensation commuted 60 weeks of the award. As a result, Viera would receive a lump sum of $20,373.60 now, and the carrier would discontinue payments for the last 74.6 weeks of the award, beginning April 30, 2000, the carrier would discontinue payments. This means petitioner would lose benefits which would have totaled just under $5,000 in exchange for the commutation.

At the time of his accident he was married with a young son. He had owned a two-family home for six years, encumbered by a $143,000 mortgage. He had accumulated $20,000 in savings.

Six months after the accident his wife divorced him. She has custody of their son, now age seven. The employee remained living in the house they owned before the accident, which was renovated to be made wheelchair accessible at a cost of $60,000.

He owns a van which has been modified to be driven by a paraplegic. The costs of both those modifications were paid by the employer's insurance company.

The employee's fixed expenses roughly match his income. He receives approximately $2,904 in income each month, including his disability payment, rent from his tenant, social security benefits and a small union disability benefit. His expenses include child support, a mortgage payment and insurance for the van. However, he has variable expenses for food, clothes, other car expenses, entertainment and the like for which he has needed supplemental income. To meet these expenses, he has spent his savings, borrowed $6,000 from his sister and refinanced the house to take out $10,000 in equity. He recently made a $9,000 payment to his ex-wife as required by the Judgment of Divorce to buy out her marital interest in the home.

He testified that without supplemental income he cannot afford to take his son out for a hamburger and that he is eating poorly because he cannot afford groceries. Vieira would like to buy a snow-blower to maintain his property in the winter for himself and his tenant. He would like to purchase health insurance for his son. (Under the Judgment of Divorce, Vieira is responsible for one-half of the child's medical expenses which have been routine medical and dental care to date. However, he strongly desires to purchase health insurance to protect the child.)

He uses the van daily to go to physical therapy and exercise programs and several times a week to go food shopping, usually with money his sister gives him. He has no history of alcoholism or gambling and has a history of financial stability. The Compensation Judge found Vieira to be credible and trustworthy regarding his financial needs and planning.

Vieira has a third-party action pending in the Superior Court in Cape May County, New Jersey, including a claim for economic losses of between two and three million dollars. Discovery is expected to conclude in the next few months, and a summer 1997 trial date is expected. In support of the application for commuta-

tion, counsel for the target defendant in the third-party case acknowledged in writing the complexity of the case and stated that he expected that the employee would be receiving a settlement offer from one or more of the defendants. There has already been an OSHA determination that the target defendant violated safety regulations.

█ The issue presented is whether commutation is appropriate under *N.J.S.A.* 34:15–25 which provides in part:

Compensation may be commuted by the bureau at its present value, when discounted at five per centum (5%) simple interest, upon application of either party, ... if it appears that such commutation will be for the best interest of the employee ... or that it will avoid undue expense or undue hardship to either party....

In determining whether commutation will be for the best interest of the employee ..., or that it will avoid undue expense or undue hardship to either party, the bureau and the [Superior] Court will regard the intention of this chapter that compensation payments are in lieu of wages, and are to be received by the injured employee or his dependents in the same manner in which wages are ordinarily paid. Commutation is to be allowed only when it clearly appears that an unusual circumstance warrants a departure from the normal manner of payment and not to enable the injured employee or dependents of a deceased employee to satisfy a debt, or to make payment to physicians, lawyers, or others.

The employer contends that it is not in the best interest of the employee to grant the application for commutation. It has no financial interest in the outcome, because the commuted payment has the same financial impact as if the later commuted payments were made. It first points to the fact that the purpose of the compensation is to take the place of a regular weekly wage and cites to: *Newark Paving Company v. Klotz,* 85 *N.J.L.* 432, 91 *A.* 91 (Sup.Ct.1914), *aff'd,* 86 *N.J.L.* 690, 92 *A.* 1086 (E & A 1914); *DiMeglio v. Slonk Construction Co.,* 121 *N.J.L.* 366, 2 *A.*2d 470 (Sup.Ct.1938), *aff'd* 122 *N.J.L.* 379, 5 *A.*2d 691 (E & A 1939) and *Verra v. The Mayor and Council of the City of Hoboken,* 70 *N.J.Super.* 422, 175 *A.*2d 665 (App.Div.1961). These cases merely recite the purpose of compensation awards. It is necessary to address the issue of whether this employee's situation presents "an unusual circumstance" and whether it is in his best interests to award commutation. *N.J.S.A.* 34:15–25.

The employee's expenses, including food, exceed his present income. He owns and pays insurance on a specially modified van which he uses to receive daily therapy and to shop for essentials. He lives in a two-family home which has been specially modified to suit his needs and produces substantial income from his tenant to offset his mortgage payment. It is in his best interests to be able to maintain his home and means of transportation since both are uniquely suited to his needs. To strip him of either would cause him "undue hardship" as referred to in the statute.

It is also in his best interests in terms of emotional security to be able to pay for health insurance for his child. The employer urges that since his Judgment of Divorce does not require him to purchase insurance, then he should not be allowed to do so through an application for commutation. The Judgment of Divorce merely sets forth his legal obligations regarding child support, it does not purport to define his best interests.

There is little case law in this State interpreting this statute. Of the few cases available for review, several have no relevance to this case. For example, commutation is clearly appropriate to pay for a life saving operation for the petitioner that would otherwise be unavailable. *Jensen v. F.W. Woolworth Co.*, 92 *N.J.L.* 529, 106 *A.* 808 (E. & A.1919). Commutation is clearly inappropriate to pay off a claim against the petitioner for embezzled funds, *Williams v. Department of Public Welfare, City of Newark*, 43 *N.J.Super.* 473, 129 *A.*2d 56 (Essex Cty. Ct., 1957); or to allow a petitioner to start up a shaky business venture, *Dikovich v. American Steel & Wire Co.*, 36 *N.J.L.J.* 304 (C.P.1913); or to move to a foreign country embroiled in war, *Vitovitch v. Empire Steel & Iron Co.*, 38 *N.J.L.J.* 315 (C.P.1915); or to pay the debts of a failing business, *Carrell v. State of New Jersey*, 38 *N.J.L.J.* 339 (C.P.1915).

None of those cases address the unusual additional circumstance presented here, namely an apparently substantial third-party claim expected to be tried or settled within the year. As the appellant points out, there is always a possibility that the third

party action might not yield a recovery, but the evidence presented to the judge below was to the contrary. This court will not upset the factual decision of the Compensation Judge which was based on the evidence presented to him.

Also, none of the cases addresses the undue hardship which the employee would have to face if the commutation award were not granted: loss of his specially modified home or van, either of which would cause his already limited world to dramatically shrink, or an inability to maintain an already reduced lifestyle.

The limited scope of our review of factual determinations is set forth in *Rova Farms Resort v. Investors Insurance Company*, 65 *N.J.* 474, 483–484, 323 *A.*2d 495 (1974):

> The findings [of a trial court] should not be disturbed unless ... they are so wholly insupportable as to result in a denial of justice ... Findings by the trial judge are considered binding on appeal when supported by adequate substantial and credible evidence.

*See also Close v. Kordulak Bros.*, 44 *N.J.* 589, 599, 210 *A.*2d 753 (1965).

The Compensation Judge's findings were supported by the credible evidence and should not be overturned. The decision below is affirmed in its entirety with one exception. We merely clarify the order to the extent that the employee is directed that disbursements are not to include repayment of the $6,000 debt to his sister, since repayment of debt is specifically disallowed by the statute.