858 A.2d 567 (2004)
372 N.J.Super. 326
Dorothy A. HARRISON,
v.
A & J FRIEDMAN SUPPLY CO., Respondent-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted September 22, 2004.
Decided October 12, 2004.
*568 Dorothy Harrison, appellant pro se.
Francis T. Giuliano, Ramsey, attorney for respondent (Francis T. Giuliano, of counsel; Mr. Giuliano and David P. Kendall, on the brief).
Before Judges WEFING, PAYNE and C.S. FISHER.
The opinion of the court was delivered by
FISHER, J.A.D.
"Commutation," as used in workers' compensation and other civil matters, connotes "the conversion of the right to receive a variable or periodical payment into the right to receive a fixed or gross payment." Black's Law Dictionary 281 (6th ed., 1990). In this case, appellant seeks our reversal of the workers' compensation court's refusal to grant commutation of dependency benefits that appellant has continued to receive as a result of her husband's work-related death in 1992.
Appellant applied for commutation on June 27, 2003, asserting that the building she resides in was "in default to the City of New York," thus permitting the purchase of her Manhattan residence for $370,000. Appellant claimed that she could obtain a mortgage for approximately half that amount and sought commutation in order to raise the balance of the purchase price. Respondent, the former employer of appellant's late husband, opposed the application.
The compensation judge denied the application without conducting a plenary hearing or even permitting oral argument. The only explanation for the ruling is contained in the judge's handwritten portion of the September 17, 2003 order: "Denied *569 based on N.J.A.C. 12:235-6.3(d)  No award for total disability or dependency benefits shall be commuted." Because we conclude that the compensation judge misconceived the extent of her authority to grant commutation, we reverse and remand for further proceedings.
The Commissioner of Labor has been authorized to "make and publish rules and regulations not inconsistent with law as he shall deem necessary to enforce" the workers' compensation laws. N.J.S.A. 34:1-20; see also N.J.S.A. 34:1A-3(e) ("[C]ommissioner ... shall ... [a]dopt, issue and promulgate ... such rules and regulations as may be authorized by law."). The regulations regarding commutation, N.J.A.C. 12:235-6.1 to -6.3, were adopted in 1991. Among these regulations is N.J.A.C. 12:235-6.3(d) which simply states, without explanation or limitation, that "[n]o award for total disability or dependency benefits shall be commuted." Based solely upon that absolute rule, the judge denied appellant's application.
Since, however, the Commissioner was only authorized to make rules that are "not inconsistent with law," N.J.S.A. 34:1-20, or make rules that "may be authorized by law," N.J.S.A. 34:1A-3(e), the absolute bar created by N.J.A.C. 12:235-6.3(d) is binding only to the extent it comports with the workers' compensation laws enacted by our Legislature. While we have applied a presumption of conformity in considering potential conflicts between statutes and regulations in similar circumstances, we have also recognized the inapplicability of a regulation that is "plainly and palpably inconsistent with the statute." Esso Standard Oil Co. v. Holderman, 75 N.J.Super. 455, 473, 183 A.2d 454 (App.Div.1962), aff'd o.b., 39 N.J. 355, 188 A.2d 599, app. dis., 375 U.S. 43, 84 S.Ct. 148, 11 L.Ed.2d 107 (1963); Grenewicz v. Ligham, 34 N.J.Super. 1, 9, 111 A.2d 293 (App.Div.1955). The careful application of this standard takes on added importance, and requires increased vigor, when the questioned administrative regulation "directly affect[s] substantive property rights," such as here, and not merely the procedures utilized by the administrative body in considering substantive rights. Esso Standard, supra, 75 N.J.Super. at 473, 183 A.2d 454.
While N.J.A.C. 12:235-6.3(d) represents an absolute bar against commutation of "total disability or dependency benefits," the Legislature had previously imbued the courts with the discretion to grant commutation of compensation payments in appropriate circumstances:

Compensation may be commuted ... at its present value, when discounted at five per centum (5%) simple interest, upon application of either party, with due notice to the other, if it appears that such commutation will be for the best interest of the employees or the dependents of the deceased employee, or that it will avoid undue expense or undue hardship to either party ....
Unless so approved, no compensation payments shall be commuted.
....
[N.J.S.A. 34:15-25 (emphasis added).]
A plain reading of this statute, spurred by the absence of any limit on the types of compensation benefits that may be commuted, suggests that the discretion to permit commutation was intended to encompass all types of benefits, including the total disability and dependency benefits specifically referenced in N.J.A.C. 12:235-6.3(d). Since the Legislature did not set forth any exceptions to the broad language of N.J.S.A. 34:15-25, we see no reason to interpret the statute narrowly as to the types of compensation awards that were included. The statute's repeated references to the impact of commutation on "the dependents of the deceased employee" *570 compel the conclusion that the Legislature intended to encompass the benefits currently received by the appellant within those types of benefits that may, in the exercise of sound discretion, be commuted. From this common sense reading, we conclude that the Legislature intended to create a right of commutation, subject to a weighing of the benefits and hardships of commutation as expressly described in the statute, and we reject the compensation judge's holding, based solely upon N.J.A.C. 12:235-6.3(d), that a recipient of dependency benefits, such as appellant, is absolutely barred from obtaining commutation.
Because of the summary manner in which the application was denied, there is little information in the record as to what was in appellant's best interests and whether commutation will cause or prevent undue hardship or undue expense. From the application, we know only that appellant is 73 years of age, resides in New York City, has an opportunity to purchase her residence for $370,000, and can obtain a mortgage for approximately half that amount, leaving a significant shortfall. Since the compensation judge did not permit argument on the motion or otherwise conduct a hearing to ascertain the accuracy of these allegations, or to examine any other relevant factors, we cannot say whether a proper exercise of the discretion provided by N.J.S.A. 34:15-25 would permit commutation. Accordingly, we reverse and remand for further proceedings.
We intimate no view as to how the compensation judge should exercise her discretion or where, in the spectrum of those circumstances that have either supported or precluded commutation, this case falls. Instead, we commend to the compensation judge the guidance provided by the express language of N.J.S.A. 34:15-25,[1] and the past experiences of our courts, see Jensen v. F.W. Woolworth Co., 92 N.J.L. 529, 532-35, 106 A. 808 (E. & A.1919) (employee's application for commutation allowed where the employee required funds, otherwise unavailable, to obtain a life-saving operation); Vieira v. On Shore Constr. Co., 297 N.J.Super. 518, 522, 688 A.2d 655 (App.Div.1997) (employee's application for commutation allowed where the employee demonstrated undue hardship and there appeared a likelihood that the employee would obtain "an apparently substantial [recovery or settlement on an up-coming] third-party claim"), in order to illuminate the future examination of appellant's application. In this regard, we note further that, in Jensen, the Court liberally construed the language of the statute in order to allow commutation so the employee could pay a physician for life-saving surgery even though the statute's last sentence stated (as it still does)[2] that "[c]ommutation *571 shall not be allowed for the purpose of enabling the injured employe[e]... to make payment to physicians ...." 92 N.J.L. at 532, 106 A. 808. The Court held that this particular phrase in the predecessor to N.J.S.A. 34:15-25 should be liberally construed or "treat[ed] ... as inoperative," and required that the employee prevail. Id. at 535, 106 A. 808.
Certainly, upon remand, the parties should be afforded an opportunity to present information regarding the appellant's financial status, her ability to maintain her lifestyle in the absence of the weekly benefits, the value of the property appellant is desirous of purchasing,[3] the availability of funds other than the dependency benefits, and the availability of other financing that might render commutation unnecessary. There may also be additional information that would shed light on the propriety of commutation. Indeed, since the application was denied more than one year ago, the judge should consider whether or to what degree circumstances have changed.
Reversed and remanded. We do not retain jurisdiction.
NOTES
[1] The last paragraph of the statute, not previously cited herein, provides considerable guidance for the future proceedings in this case: "In determining whether commutation will be for the best interest of the employee or the dependents of the deceased employee, or that it will avoid undue expense or undue hardship to either party, the bureau and the Superior Court will regard the intention of this chapter that compensation payments are in lieu of wages, and are to be received by the injured employee or his dependents in the same manner in which wages are ordinarily paid. Commutation is to be allowed only when it clearly appears that an unusual circumstance warrants a departure from the normal manner of payment and not to enable the injured employee or dependents of a deceased employee to satisfy a debt, or to make payment to physicians, lawyers or others." N.J.S.A. 34:15-25.
[2] N.J.S.A. 34:15-25 has undergone little revision since the Court of Errors and Appeals interpreted the nearly identical 1911 version in Jensen. We assume from such a "long acquiescence on the part of the Legislature or by continued use of the same language or failure to amend the statute" that an earlier judicial construction "is in accord with the legislative intent." In re Keogh-Dwyer, 45 N.J. 117, 120, 211 A.2d 778 (1965).
[3] For example, because the Legislature constructed a best interests standard by which to assess such an application, the judge could rightfully refuse commutation if the evidence demonstrated that the purchase price was not representative of the fair market value of the residence or that the purchase otherwise constituted a poor investment. See Vieira, supra, 297 N.J.Super. at 522, 688 A.2d 655 ("Commutation is clearly inappropriate to pay off a claim against the petitioner for embezzled funds, or to allow a petitioner to start up a shaky business venture, or to move to a foreign country embroiled in a war, or to pay the debts of a failing business.") (citations omitted).