IN THE MATTER OF APPEAL OF CITY OF NEWARK FROM THE ACTION OF THE ESSEX COUNTY BOARD OF TAXATION IN REDUCING THE ASSESSMENT ON PROPERTY OF ESTATE OF FLORENCE R. STRAUSS, SITUATE IN THE CITY OF NEWARK, COUNTY OF ESSEX, FOR THE YEAR 1951.

THE CITY OF NEWARK, A MUNICIPAL CORPORATION, PETITIONER-APPELLANT, v. ESTATE OF FLORENCE R. STRAUSS, RESPONDENT-RESPONDENT, AND DIVISION OF TAX APPEALS IN THE STATE DEPARTMENT OF TAXATION AND FINANCE OF THE STATE OF NEW JERSEY, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued November 23, 1953—Decided December 4, 1953.

Before Judges CLAPP, GOLDMANN and EWART.

*Mr. Vincent J. Casale* argued the cause for appellant (*Mr. Horace S. Bellfatto*, attorney).

*Mr. William S. Myers* argued the cause for respondent, Estate of Florence R. Strauss (*Hannoch, Lasser, Weinstein & Myers*, attorneys).

The opinion of the court was delivered by

EWART, J. A. D.   The City of Newark appeals from a judgment of the Division of Tax Appeals of the Department of the Treasury, entered July 15, 1953, whereby it was determined that the 1951 assessment on property of the estate of Florence R. Strauss, located on Halsey Street in the City of Newark, as reduced by the Essex County Tax Board from $577,800 to $464,200 (being $385,400 on the land and $78,800 on the improvements), be affirmed and the appeal therefrom dismissed.

The tax history respecting the Strauss property is as follows:

*Year 1948:* Land assessed by the city at $499,000. Strauss appealed to the county board which, by judgment entered October 21, 1948, reduced the assessment to $385,400. Both parties appealed to the Division of Tax Appeals. By judgment entered July 25, 1949 the Division reduced the assessment to $329,215. The city appealed to the Appellate Division of the Superior Court and requested the Appellate Division for leave to present additional proofs. The Appellate Division on November 23, 1949 granted the request and additional proofs were taken before the Division of Tax

Appeals in December 1949 and the Division made its report thereon to the Appellate Division. April 11, 1950 the parties consented to a dismissal of the appeal then pending in the Appellate Division and the appeal was accordingly dismissed and the record remitted to the Division. May 31, 1950 the Division of Tax Appeals recalled its judgment of July 25, 1949 and fixed the 1948 assessment on the land at $385,400.

*Year 1949*: The city again assessed the Strauss land at $499,000. Strauss appealed to the county board. October 28, 1949, after the Division had reduced the 1948 assessment to $329,215, and while the appeal was pending in the Appellate Division, the county board reduced the 1949 assessment on land to $385,400. Both parties appealed to the Division of Tax Appeals. May 15, 1950 both appeals to the Division were withdrawn and the parties stipulated that the determination of the county board should stand as the assessment for 1949.

*Year 1950*: The city again assessed the Strauss land at $499,000. Strauss appealed to the county board. October 30, 1950 the county board reduced the land assessment to $385,400. The city appealed to the Division of Tax Appeals. May 7, 1952 the Division of Tax Appeals dismissed the appeal pursuant to the "freeze" statute, *R. S.* 54:3-26, by reason of the determination of the county tax board on the 1949 assessment.

*Year 1951*: The city again assessed the Strauss land at $499,000. Strauss appealed to the county board. October 25, 1951 the county board reduced the land assessment to $385,400. The city appealed to the Division of Tax Appeals. July 15, 1953 the Division of Tax Appeals dismissed the city's appeal pursuant to the "freeze" statute above cited by reason of the county board's determination of 1949.

The city now appeals from the last-mentioned determination of the Division of Tax Appeals respecting the 1951 assessment and contends that the base year from which the "freeze" operates was the year 1948; that the "freeze" under the statute expired with the year 1950; and that the Division of Tax Appeals was in error in holding that the 1951

assessment was frozen under the statute by the county board's determination of the 1949 assessment.

Respecting the 1949 assessment: It was admitted at the argument on this appeal that there was a full hearing before the Essex County Tax Board, both sides having put in evidence including that of expert witnesses. The county tax board filed its judgment October 28, 1949. It was a decision on the merits. At the time of the rendition of this decision by the county board, an appeal was still pending before the Appellate Division of the Superior Court from the decision of the Division of Tax Appeals entered July 25, 1949 reducing the 1948 land assessment to $329,215. By consent of the parties, that appeal to the Appellate Division respecting the 1948 assessment was dismissed in April 1950 and the record remitted to the Division of Tax Appeals, and on May 31, 1950 the Division of Tax Appeals recalled its judgment of July 25, 1949 respecting the 1948 assessment and fixed the 1948 land assessment at $385,400, the same figure fixed by the county tax board by its judgment of October 28, 1949 respecting the 1949 assessment.

It is evident that the 1948 assessment was finally settled by the parties in 1950 by adopting the same assessment fixed by the county tax board on October 28, 1949 respecting the assessment for 1949, and which, incidentally, was the same figure the county tax board had fixed for the year 1948, although substantially higher than the figure fixed by the Division of Tax Appeals for the 1948 assessment. To carry out the settlement, the pending appeal respecting the 1948 assessment to the Appellate Division of the Superior Court was dismissed by consent.

There was no evidence of a change in value of the land after the assessment date for 1949.

From the foregoing it is apparent that there was no real determination on the merits by either the county tax board or the Division of Tax Appeals respecting the true valuation of the property for the year 1948, but that the figure finally adopted as the 1948 assessment was that agreed upon by the parties, to implement which the appeal to the Appellate

Division was dismissed by consent. It also seems clear that the county tax board did fix the true valuation of the property for the year 1949, after having taken evidence from both parties and that their decision was made on the merits and was not a mere "adjective" determination. Both parties appealed the 1949 assessment to the Division of Tax Appeals, but on May 15, 1950 both appeals were withdrawn and the parties stipulated that the determination of the county board for the year 1949 should stand.

In the foregoing situation, the statute, *R. S.* 54:3–26, as amended, applies and operates to "freeze" the 1949 assessment fixed by the county board for the two succeeding years of 1950 and 1951. *Riverview Gardens, Section One v. North Arlington Borough*, 9 *N. J.* 167, 173 (1952).

The judgment of the Division of Tax Appeals respecting the 1951 assessment is affirmed.