SOUTH PLAINFIELD BOROUGH, PLAINTIFF, v. KENTILE FLOORS, INC., DEFENDANT.

Tax Court of New Jersey

May 15, 1981.

360

*Sanford E. Chernin* for plaintiff (*Chernin & Freeman* attorneys).

*Gordon Berkow* for defendant (*Hutt, Berkow, Hollander & Jankowski* attorneys).

ANDREW, J. T. C.

Presented for determination in this motion for summary judgment is the question of whether the Freeze Act, *N.J.S.A.* 54:2–43, can be applied to a judgment which is based upon a stipulation of settlement.

This is a local property tax appeal involving valuation of the subject property for the tax year 1980. The original assessment for 1980 was as follows:

| | |
|---|---|
| Land | $ 1,475,000 |
| Improvements | 9,122,800 |
| Total | $10,597,800 |

Following an appeal by the taxpayer, the Middlesex County Board of Taxation, on October 29, 1980, entered a judgment reducing the assessment to $8,850,000, allocated: land $1,475,-000; improvements $7,375,000. The taxing district then filed the present appeal to the Tax Court, complaining that the reduction in assessment granted by the county board was in error and did not reflect the true value of the property. The taxpayer filed an answer, asserting that the taxing district, in the absence of a revaluation of all properties in the municipality or a change in value of the subject, was estopped from levying a higher assessment than that reflected in a 1979 Tax Court judgment concerning the property. The taxpayer also filed a counterclaim, asserting that in the event the complaint of the taxing district was not dismissed for the reasons stated in its answer, the judgment of the county board was in excess of the true value of the property.

The subject property was the subject of Tax Court appeals covering the years 1977, 1978 and 1979. These appeals resulted in a Tax Court judgment, entered by the Clerk of the Court on June 25, 1980, setting the assessment for each of those years at $8,850,000, allocated: land $1,475,000; improvements $7,375,-000.[1] The judgment was based upon a stipulation of settlement, dated March 24, 1980, signed by counsel for both parties.

The taxpayer, Kentile Floors, Inc., defendant in the present action, moves for summary judgment against plaintiff Borough of South Plainfield. Defendant maintains that the 1979 Tax Court judgment was a final judgment within the meaning of the Freeze Act, *N.J.S.A.* 54:2–43, thereby barring any increase in

---

[1] It is not clear whether the 1980 county board judgment was based on a freeze of the 1979 Tax Court judgment. There is a notation on the county board judgment ("Judgment Code *# 40*; Code # 40 only; *Tax Court Judgment* ") which indicates that this might have been the case.

assessment for the tax year 1980 over and above the 1979 judgment. *N.J.S.A.* 54:2–43 provides as follows:

> Where a judgment final has been rendered by the tax court involving real property such judgment shall be conclusive and binding upon the municipal assessor and the taxing district, parties to such proceeding, for the assessment year and for the 2 assessment years succeeding the assessment year covered by the final judgment, except as to changes in the value of the property occurring after the assessment date. Where such changes are alleged, the complaint shall specifically set forth the nature of the changes relied upon as the basis for such appeal. However, the conclusive and binding effect of such judgment shall terminate with the tax year immediately preceding the year in which a program for a complete revaluation of all real property within the district has been put into effect.

The statute provides for two exceptions to operation of the freeze: when a revaluation of all property in the taxing district has occurred and when the value of the property changes subsequent to the assessment date of the year of the base judgment. Plaintiff's brief does not state that a revaluation was put into effect in 1980, nor does it allege that the value of the property has changed subsequent to October 1, 1978, the assessment date for the tax year 1979. At oral argument it was made clear that plaintiff conceded that no revaluation was implemented in South Plainfield in 1980, and that no change in value occurred during the relevant period. Therefore, neither of the exceptions contained in the Freeze Act are implicated. The remaining issues, then, are the following:

I. Whether the matter is ripe for summary judgment.

II. Whether a judgment issued pursuant to a settlement arrived at prior to any trial or hearing is a "judgment final" within the meaning of the Freeze Act, *N.J.S.A.* 54:2–43.

III. Whether the Freeze Act may apply to a third year of a three-year settlement so that the agreed upon value remains in force for five consecutive years.

I

*R.* 4:46–2 provides in part that summary judgment

> ... shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.

■ Discovery has not been completed in this matter. Plaintiff asserts that a motion for summary judgment should not be entertained while discovery is still pending. *See Gaines v. Monroe Calculating Machine Co.,* 78 *N.J.Super.* 168 (App.Div. 1963). This proposition is obviously based on the premise that prior to the completion of discovery it may be difficult to ascertain whether issues of material fact remain. The only issue of fact in the instant matter, and therefore the only issue to which discovery could be directed, is the true value of the subject property as of October 1, 1979. That precise issue is not germane to this motion for summary judgment pursuant to the Freeze Act. The only issues of fact pertinent to this Freeze Act motion are whether a revaluation was put into effect in 1980, and whether the value of the property changed, subsequent to October 1, 1978 and prior to October 1, 1979, from that set forth in the 1979 judgment of this court. A revaluation was not implemented in South Plainfield in 1980 and, as noted above, plaintiff abandoned the issue of change in value.[2] Thus, no issues of material fact remain relative to defendant's motion for summary judgment, and it may be entertained at this time.

## II

Plaintiff maintains that the Freeze Act may only be applied to a judgment resulting from a full fact hearing on the merits issued by a court or board of competent jurisdiction, and that a judgment based upon a stipulation of settlement is not entitled to Freeze Act protection. Plaintiff cites several cases for the

---

[2]The court notes that had a change in value been alleged, the nature of the change would have had to have been specifically set forth in plaintiff's complaint. *N.J.S.A.* 54:2–43. The complaint contained no allegation of a change in value. *Hudson Terrace Apartments v. Fort Lee,* 2 *N.J.Tax* 457 (Tax Ct. 1981).

proposition that the words "judgment final" in the statute denote a judgment issued pursuant to a full hearing at which testimony is offered. An examination of these cases reveals that the courts' concern in describing a "judgment final" as one resulting from a determination "on the merits" was to avoid application of the statute to judgments that were themselves based upon a judgment issued pursuant to the Freeze Act. If the Freeze Act could apply to a prior Freeze Act judgment, then the statute would repeat itself endlessly until either a revaluation or a change in value occurred, a result clearly not intended by the Legislature. By limiting application of the act to judgments "on the merits," that is, judgments not resulting from a prior, mechanical application of the Freeze Act, a judgment cannot be frozen beyond the two-year period described in the statute.

In *Riverview Gardens, Section One, Inc. v. North Arlington*, 9 *N.J.* 167 (1952), local property taxpayers sought application of the Freeze Act to 1949 judgments of the county tax board as affirmed by the Division of Tax Appeals. The county board judgments were based upon a freeze of earlier county board judgments concerning the tax year 1947. The Division of Tax Appeals, in affirming the 1949 county board determinations, considered only the question of whether the taxing district was bound for the tax year 1949 by the county board judgments for the tax year 1947. The Supreme Court refused to apply the Freeze Act to the 1949 judgments and thus extended the freeze of the 1947 judgments to 1950. The court reasoned as follows:

> The base "assessment year" and "assessment date" specified in the statute are necessarily those at which the last true valuation of the property was determined by the assessor on the merits. The record is clear that in this case that assessment year for which such a determination was made was the 1947 assessment year. The action of the county board and that of the Division of Tax Appeals were mere adjective determinations that the 1947 assessment controlled for the assessment years of 1948 and 1949, and were thus determinations that no new assessment should have been attempted. [at 173.]

When seen in context, it becomes apparent that the court's reference to the base assessment year as the last year in which

the value of the property was determined by the assessor "on the merits," was meant to distinguish the situation in which a valuation was arrived at merely be freezing a prior year's assessment. The "adjective determinations" referred to by the court were judgments based on applications of the Freeze Act. The court did not, as plaintiff herein maintains, attempt to limit Freeze Act protection to judgments based upon evidentiary hearings, thereby precluding application of the act to judgments based upon stipulations of settlement. The court's intent was solely to avoid application of the act to a judgment that itself was based upon an application of the Freeze Act.

The same intent is apparent in *In re Strauss*, 28 *N.J.Super.* 526 (App.Div.1953), in which the City of Newark challenged a determination of the Division of Tax Appeals that froze a 1951 assessment at the value reflected in a 1949 county board judgment. In both 1948 and 1949 the city assessed the subject property at $499,000. The taxpayer appealed both assessments to the county board which granted a reduction to $385,400. Both parties appealed, in both years, to the Division of Tax Appeals. All appeals were eventually withdrawn, however, and the county board determinations became final. The city contended that 1948 was the base year for Freeze Act purposes; that the act could not apply beyond 1950, and that the freezing of the 1951 assessment in accordance with the 1949 county board judgment was in error. The court disagreed:

> It is apparent that there was no real determination on the merits by either the county tax board or the Division of Tax Appeals respecting the true valuation of the property for the year 1948, but that the figure finally adopted as the 1948 assessment was that agreed upon by the parties. . . . It also seems clear that the county tax board did fix the true valuation of the property for the year 1949, after having taken evidence from both parties and that their decision was made on the merits and was not a mere "adjective" determination. [at 529–530.]

Plaintiff appears to argue that the court's refusal to apply the Freeze Act to the 1948 judgment was due to the fact that it resulted from an agreement of the parties. In fact, the court was only concerned with whether the 1949 judgment could support a Freeze Act judgment in 1951. In light of *Riverview*

*Gardens, supra,* cited by the *Strauss* court, the court's description of the 1949 judgment as based on a decision "on the merits," and not an "adjective" determination, can logically be seen to rest on the fact that the judgment itself was not based upon an application of the Freeze Act. *See, also, Hamilton Gardens, Inc. v. Hamilton Tp.,* 45 *N.J.Super.* 124 (App.Div.1957).

■ In none of these cases, however, did the court face the precise issue posed here: whether a judgment based on a stipulation of settlement unsupported by a factual hearing will support a Freeze Act judgment. This issue was noted but not decided by the court in *Rothman v. River Edge,* 149 *N.J.Super.* 435 (App.Div.1977), certif. den., 75 *N.J.* 19 (1977). In that case an increase in value of the subject property after October 1, 1968 made a 1969 Division of Tax Appeals judgment inappropriate to support Freeze Act judgments for 1970 and 1971. A plenary hearing before the Division as to true value for 1970 and 1971 was begun and resulted in Division judgments for those years at a figure agreed upon by the parties. The *Rothman* court determined that the 1970 and 1971 final judgments "constituted in full purport and effect determinations on the merits," *Id.* at 440, and could support Freeze Act judgments for 1972 and 1973. In a footnote the court made the following observation:

> Indeed, we are not at all certain that a "final judgment" within the contemplation of the Freeze Act (*N.J.S.A.* 54:2–43) may not rest upon a settlement alone, when accompanied by the safeguards prescribed in *N.J.S.A.* 54:2–42, namely "the written consents or agreements of the taxpayer and the taxing district ... concerned, or their respective attorneys, verified by qualified experts as to the facts therein alleged in support of the valuations therein consented to." [at 440–41, n.1.] [3]

---

[3] In *Springfield Tp. v. Weinberg,* 178 *N.J.Super.* 83 (App.Div.1981), after referring to the *Rothman* footnote quoted above, the court made the following observation: "We perceive no reason why a consent judgment entered by the county board in conformance with its rules and practices should not be similarly entitled to Freeze Act protection." *Id.* at 90, n.3.

*N.J.S.A.* 54:2–42 was repealed effective July 1, 1979 with the advent of the Tax Court of New Jersey. Tax Court *Rule* 8:9–5 now provides: "Judgment in a local property tax matter may be entered upon stipulation of the parties supported by such proof as the Court may require." Plaintiff maintains that the adoption of this rule did nothing more than incorporate the terms of *N.J.S.A.* 54:2–42 in all respects. Plaintiff's authority is the Comment to the rule, which provides:

*R.* 8:9–5 follows the practice of the Division of Tax Appeals. This stipulation will require expert's affidavits and may require the affidavit of the assessor as well. *Pressler, Current N.J. Court Rules, Comment R.* 8:9–5.

Defendant's argument to the contrary is persuasive. Defendant maintains that discarded, enumerated statutory language cannot be retained in the face of a conscious decision to eliminate this specific requirement for affidavits of experts and assessors. This argument is all the more persuasive in light of numerous statutory amendments adopted with the creation of the Tax Court in which references to the Division of Tax Appeals were simply replaced with references to the Tax Court. See, *e.g., N.J.S.A.* 54:2–47, 37, 38, 40, 43. Had the intent been to retain *N.J.S.A.* 54:2–42 in full force in the Tax Court, a simple amendment of the statute, rather than its repeal, seems the logical procedure. In any event, *N.J.S.A.* 54:2–42 reflected a concern that stipulations of settlement be fair and reflect fair assessable values. The repeal of the statute and the adoption of *R.* 8:9–5 invests the Tax Court judge with the responsibility of overseeing settlements. In his discretion the judge may require experts' and assessors' affidavits, as well as any other form of proof, prior to the direction of the entry of a judgment pursuant to settlement. *R.* 8:9–5 does not require affidavits prior to the entry of judgment nor does it preclude the application of the Freeze Act to such a judgment.

A municipality is not at any disadvantage concerning the Freeze Act when it settles a local property tax appeal. Taxpayers' counsel have no superior bargaining power in tax appeal negotiations. If anything, the municipality is at an advantage

for it retains the taxpayer's money throughout the appeal process. In addition, municipal attorneys are free to negotiate settlements in such a way as to avoid the application of the freeze or lessen its effect. In any event, a stipulated settlement does not automatically bind the town for the two years following the judgment. If a change in value occurs the town is free to establish that fact and avoid the operation of the statute. Substantially the same protections exist for a municipality whether a base year judgment is founded on a factual hearing or on a stipulation of settlement.

Plaintiff notes that the settlement did not incorporate the availability of the Freeze Act for the benefit of the taxpayer. This may be the case but it has no bearing upon the application of the freeze. The parties' consent is not a prerequisite to the operation of the statute. Upon a motion made by the taxpayer, the statute directs the court to apply the freeze provided neither of the two exceptions contained therein is established. The absence of an agreement by the parties to apply the Freeze Act is not relevant.

Based on the foregoing I conclude that a judgment based upon a stipulation of settlement constitutes a final judgment for the purposes of *N.J.S.A.* 54:2–43.

### III

■ Plaintiff asserts that the Freeze Act cannot be applied to the third year of a three-year settlement so as to freeze the agreed upon value for five years. Plaintiff cites *Riverview Gardens, Section One, Inc. v. North Arlington, supra.* As noted above, the issue in that case was the applicability of the Freeze Act to a 1949 judgment of the county tax board, as affirmed by the Division of Tax Appeals. The court's decision not to apply the act rested on the fact that the 1949 judgment itself was based on a freeze of an earlier judgment concerning the tax year 1947.

In contrast, there is no attempt herein to apply the freeze to a judgment resulting from a previous application of the statute. There has been no previous freeze in this case. The 1979 judgment pursuant to settlement constitutes a final judgment within the meaning of the statute and the freezing of that judgment for the tax year 1980 constitutes a proper application of the statute.

Based on the foregoing, defendant's motion for judgment pursuant to the Freeze Act for the tax year 1980 is granted. The Clerk of the Tax Court is directed to enter the appropriate judgment.