MARK-SACHS-EVANS COMPANY, INCORPORATED, PLAINTIFF-APPELLANT, v. LENTER'S CLOTHES SHOP, INCORPORATED, BENJAMIN LENTER, JOSEPH LENTER, W. W. AUCTION COMPANY AND JOHN DOE, THE PERSON IN POSSESSION, DEFENDANTS-APPELLEES.

Argued October 1, 1935—Decided November 25, 1935.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the plaintiff-appellant, *Louis B. Englander*.

For the defendant-appellee W. W. Auction Company, *Irving Stern* (*Harry Kay,* of counsel).

PER CURIAM.

This is plaintiff's appeal from a judgment in favor of the defendants in a replevin suit. The state of the case is

meagre, indefinite and confusing, containing several apparent contradictions.

The action was brought to recover possession of certain suits and overcoats and was tried before the court without a jury. It appears that on November 29th, 1932, such goods were sold by the plaintiff to Benjamin Lenter and Joseph Lenter upon representations made by them that they were financially solvent, which representations were false when made, and were made with intent that plaintiff rely upon the same; that plaintiff did rely upon such representations and was thereby induced to make the sale upon credit; that on or about December 5th, 1932, the Lenters filed a voluntary petition in bankruptcy, and a receiver in bankruptcy took possession of all of the bankrupt's assets, including the goods here involved, by taking possession of the store premises of the bankrupt; that on or about December 14th, 1932, plaintiff, having learned of the bankruptcy, first filed with the receiver in bankruptcy proof of claim for the purchase price of the goods now involved; that subsequently plaintiff withdrew such claim, and demanded possession of such merchandise from the receiver; that on January 11th, 1933, the receiver sold the bankrupt's stock, including the merchandise in question, to the W. W. Auction Company, one of the defendants in this suit, and the only defendant who defended the action; that thereafter the W. W. Auction Company "entered into an agreement to sell such merchandise to said Lenters;" that "the market value of said merchandise was $191." The state of the case may or may not possibly be deemed to disclose other matters of fact relevant and material to a proper consideration of this appeal.

We turn for present purposes to a consideration of the error alleged in respect to the judgment.

Now the certified copy of the judgment entered reads: "The proceeding is dismissed. * * * Whereupon it is on this day [July 13th, 1934] by this court considered and adjudged that *Lenter's Clothes Shop, Incorporated—Benjamin Lenter—Joseph Lenter, only,* defendant, recover against Mark-Sachs-Evans Company, Incorporated, the plaintiff the sum of one hundred and ninety-one dollars and no

cents damages and the costs of suit. Whereupon it is on this day considered and adjudged that the plaintiff has no cause of action, as to W. W. Auction Company and John Doe, the person in possession."

Now it is conceded by the appellee, and it is in fact stipulated, that the judgment of the District Court above recited, is "erroneous and should be removed;" and it is further stipulated that "the judgment of the District Court was rendered [or intended to be rendered] in favor of the W. W. Auction Company only for the sum of $191."

It seems, therefore, quite evident, in view of the stipulation, that the judgment as rendered must be reversed and a new trial awarded. In view of the fact that the state of the case is so contradictory, confusing and indefinite as to the factual situation, and as to the presence or absence of supporting evidence, notably as to proceedings in the bankruptcy court claimed on one hand and denied on the other to have been in evidence, we think it is unwise to express any opinion in respect to the merits of other specifications of points upon which the appellant is dissatisfied in point of law.

The judgment will be reversed, and a new trial awarded. Costs to abide the event.