JOSEPH RUCHLIN, APPELLANT, v. A. G. MOTOR SALES CORP. ET AL., RESPONDENTS.

Submitted October 7, 1941—Decided November 22, 1941.

Before Justices PARKER, DONGES and COLIE.

For the appellant, *Collins & Corbin* (*Edward A. Markley* and *John F. Leonard,* of counsel).

For the respondents, *Alfred E. Modarelli.*

The opinion of the court was delivered by

PARKER, J. This case is submitted on briefs, and the brief for the appellant is before us. No brief for respondents is filed, but instead, we have a letter from counsel for respondents in which he says that he is "satisfied that there should be a reversal of the judgment below." However, the case has been examined on its merits. Even when there has been a formal stipulation for reversal, the courts are not in accord as to the propriety of adopting it. 4 *C. J.* 1118; 5 *C. J. S.* 1308. Our old case of *Reading* v. *Reading,* 24 *N. J. L.* 358, reads somewhat to the contrary. See, also, *Camden Securities Co.* v. *Azoff,* 112 *N. J. Eq.* 270 (at *p.* 278). We turn to the merits.

The litigation springs from a collision between two motor vehicles on a highway. One was owned by plaintiff and had been loaned to his brother for purposes of the latter. The other car was owned by the defendant corporation, and was

driven by defendant Theresa Gambino, who, as plaintiff claimed, was the agent of the corporation for that purpose. She was joined as a defendant, and the suit was predicated on her alleged negligence.

The corporate defendant counter-claimed for damage to its car, and Mrs. Gambino counter-claimed for personal injuries. The court awarded damages to each against the plaintiff. This was clearly error, as the evidence showed without contradiction that plaintiff's car had been loaned to his brother for purposes of the latter, and negligence of the bailee, without more, will not create liability of the bailor. *Maurer* v. *Brown,* 106 *N. J. L.* 284, and cases cited. The judgments in favor of the corporation, and in favor of Mrs. Gambino, must therefore be reversed.

There was also a judgment in favor of Andrew Gambino, husband of Theresa, for damages because of her injuries. This necessarily falls with the reversal of her judgment: but there is another reason which deserves notice. Andrew was not a party to the suit as brought, nor was any claim suggested as against him; but notwithstanding this, he filed in the action what was called a "counter-claim," against the plaintiff for damages because of the alleged injury to his wife: and the court entertained this and awarded a judgment thereon, as had been said. The "counter-claim" of Andrew should not have been considered at all, and should have been struck out on motion. The practice does not contemplate a counter-claim by any one not a party to the suit and against whom no principal claim is made. The judgment in favor of Andrew is reversed, with costs as against him, and without prejudice to his bringing his separate action by service of process, which in the discretion of the trial court could be consolidated for trial with the claim of his wife, if the case goes to a new trial on her claim.

The refusal of the trial court to award a judgment in favor of plaintiff for damages is not presented by any of the causes for reversal and no opinion is expressed thereon, though the statute of 1939, chapter 53, now *R. S.* 46:36-1 may be noted as relevant.