45 N.J. Super. 124 (1957)
131 A.2d 559
HAMILTON GARDENS, INC., APPELLANT,
v.
HAMILTON TOWNSHIP IN THE COUNTY OF MERCER, AND DIVISION OF TAX APPEALS IN THE DEPARTMENT OF THE TREASURY, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 11, 1957.
Decided March 26, 1957.
*125 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Nicholas S. Schloeder argued the cause for appellant.
Mr. Harold D. Coleman argued the cause for respondent Hamilton Township in the County of Mercer (Mr. Henry F. Gill, attorney).
The opinion of the court was delivered by FRANCIS, J.A.D.
Appellant taxpayer seeks a reversal of two judgments of the Division of Tax Appeals affirming assessments on improvements on land located in Hamilton Township, Mercer County.
After the appeal was taken and the appendix and taxpayer's brief filed, the township acknowledged that the action of the Division was erroneous. In furtherance of this position it offered to consent to a reversal. However, no brief was filed on behalf of the Division and seemingly no effort was made to seek its attitude with respect to a consent reversal. The basic problem presented involves the application of the so-called assessment freeze statute, *126 N.J.S.A. 54:2-43. Under the circumstances, it is our view that in fairness to the Division and for its future guidance, the matter should be determined on the merits. It may be noted in any event that appellate courts are generally cautious about reversing judgments by consent of the parties. See Ruchlin v. A.G. Motor Sales Corp., 127 N.J.L. 378 (Sup. Ct. 1941), and compare Mark-Sachs-Evans Co. v. Lenter's Clothes Shop, 13 N.J. Misc. 830 (Sup. Ct. 1935), where the headnote seems broader than the opinion warrants. The need for caution is emphasized where a judgment of an administrative agency establishes a policy necessarily applicable to like situations which will undoubtedly arise in the future. In such cases, manifestly more is involved than the interests of the litigants themselves. So we turn to the merits.
The factual situation which gives rise to the appeal may be stated quickly. The taxpayer appealed the assessment on its property for 1951. After contested hearing the Division entered a confirmatory judgment. Thereafter the township increased the assessment for the years 1952 and 1953, although admittedly there were no changes in the value of the property. Appeals were taken to the Division and the contention advanced that the judgment sustaining the 1951 assessment froze the valuation for the two succeeding years under the statute above cited. However, the Division referred to the panel report in the earlier case which declared that the "amount of the assessment does not appear to be in excess of true value, and based upon the income from the property was very fair." And it held that the judgment entered on that finding did not "fix the true value of the property" but merely determined "that the property was not assessed in excess of true value." Consequently the statute was adjudged inapplicable as a bar to the increases under attack.
The enactment on which appellant relies provides:
"Where a judgment final has been rendered by the Division of Tax Appeals in the State Department of Taxation and Finance involving real property such judgment shall be conclusive and binding *127 upon the municipal assessor and the taxing district, parties to such appeal, for the assessment year and for the two assessment years succeeding the assessment year covered by the final judgment, except as to changes in the value of the property occurring after the assessment date. * * *" N.J.S.A. 54:2-43.
The design of the act was to remedy "repeated yearly increases in the assessed value of property, not related to or justified by any changes increasing its market value, and resulting in harassment of the taxpayer, subjecting him to the trouble and expense of annual appeals to the county tax board." City of Newark v. Fisher, 8 N.J. 191, 199-200 (1951) (dealing with the corresponding statute, N.J.S.A. 54:3-26, pertaining to judgments of the county board). The language refers to a "final judgment" in the Division. This denotes a judgment on the merits of an appeal contesting an assessment and, as was pointed out in Riverview Gardens v. Borough of North Arlington, 9 N.J. 167, 173 (1952):
"An assessment that is either too high or too low may be `frozen' * * * and remain so for the statutory period unless there were changes in the value of the property `after the assessment date.'"
Cf. Union Terminal Cold Storage Co. v. Spence, 17 N.J. 162 (1954); In re Strauss' Estate, 28 N.J. Super. 526 (App. Div. 1953).
In these days, troubled as they are over problems of true value assessment, Switz v. Township of Middletown, 23 N.J. 580 (1957), acceptance of the restricted viewpoint of the Division would practically nullify the intention of the Legislature. The unqualified reference to final judgment, in association with the remainder of the text, clearly contemplates imposition of the mandatory period of repose following determination on the merits of an attack on the valuation of real property for assessment purposes.
Accordingly, in the present case the 1951 judgment controls the 1952 and 1953 assessments, and the action of the Division must be reversed.