118 N.J. Super. 104 (1972)
286 A.2d 711
HERBERT HARVEY, PLAINTIFF-APPELLANT,
v.
ORLAND PROPERTIES, INC., A NEW JERSEY CORPORATION, DEFENDANT, AND FREDA SOLOMON, DEFENDANT-APPELLANT, AND PAT ROMANELLI AND SARA ROMANELLI, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 9, 1971.
Supplemental Briefs Filed December 13, 1971.
December 22, 1971.
Decided January 19, 1972.
*105 Before Judges LEWIS, KOLOVSKY and HALPERN.
Mrs. Sylvia B. Pressler argued the cause for appellants Herbert Harvey and Freda Solomon.
Mr. Walter J. Fessler argued the cause for respondents (Messrs. Lum, Biunno & Tompkins, attorneys; Mr. James C. Orr, on original brief).
PER CURIAM.
The judgment is affirmed essentially for the reasons expressed by Judge Lane.
We supplement Judge Lane's conclusions and affirm for two additional reasons. (1) Under the circumstances existing in this case, the final decree of foreclosure through which respondents derived their title is not open to collateral attack by appellants. Andes v. Boyajian, 12 N.J. Super. 344, 348 (Ch. 1951) and cases cited therein. (2) With full knowledge of the alleged deficiency in the final decree of foreclosure filed in 1963, appellants waited approximately five years before seeking relief. Such unexplained and unexcused delay in enforcing an alleged known right has resulted in prejudice to respondents who, in good faith and for value, purchased the property in question. Appellants are now estopped from obtaining relief. See Clark v. Judge, 84 N.J. Super. 35, 53 (Ch. 1964), aff'd 44 N.J. 550 (1965).
Affirmed.
KOLOVSKY, J.A.D. (concurring):
I do not agree that the decision in Bron v. Weintraub, 42 N.J. 87 (1964), judgment on mandate affirmed 45 N.J. 1 (1965), applies to the facts in this case.
However, I agree that we should affirm because (1) plaintiffs attempt to attack in his mortgage foreclosure action the validity of the prior tax foreclosure judgment is a collateral attack not permitted by the cases; (2) even if plaintiff's *106 belated challenge of the sufficiency of the inquiry had been by way of a direct application in the tax foreclosure proceeding, the record in this case would call for a rejection of the challenge; and (3) the record supports the trial court's finding that defendant-appellant Solomon had "failed to sustain the burden of proof that any part of the lands are not within the territorial limits of the Township of Millstone."