186 N.J. Super. 399 (1982)
453 A.2d 182
SOUTH PLAINFIELD BOROUGH, PLAINTIFF-APPELLANT,
v.
KENTILE FLOORS, INC., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 2, 1982.
Decided February 11, 1982.
*400 Before Judges MATTHEWS, PRESSLER and PETRELLA.
Sanford E. Chernin argued the cause for appellant (Chernin & Freeman, P.A., attorneys).
D. Bruce Unger argued the cause for respondent (Hutt, Berkow, Hollander & Janowski, P.A., attorneys).
The opinion of the court was delivered by MATTHEWS, P.J.A.D.
This is an appeal from a decision of the Tax Court of New Jersey applying the Freeze Act (N.J.S.A. 54:2-43) to a judgment entered pursuant to a stipulation of settlement. 183 N.J. Super. 359.
Kentile Floors, Inc. (taxpayer) is the owner of lands and premises designated as Lot 10 in Block 255 on the Tax Map of the Borough of South Plainfield. For the tax years 1977, 1978 and 1979 the property was assessed by the borough at $10,597,800, allocated $1,475,000 to the land and $9,122,800 to the improvements. The taxpayer appealed from each assessment in the year it was made. Due to a backlog of cases, however, all three cases were pending in 1980. Consequently, the three appeals were consolidated for trial by court order.
On March 24, 1980, prior to the trial, the parties entered into a stipulation of settlement under which the property was assessed for each year at $8,850,000, allocated $1,475,000 to the land and $7,735,000 to the improvements. The settlement agreement represented that both parties were "satisfied that said settlement *401 and disposition adjusts the assessment of the property to the fair assessable value of the property as of the assessing date." On June 25, 1980 a "Judgment Pursuant to Settlement" was entered in accordance with this agreement by the Clerk of the Tax Court.
In 1980 the borough again assessed the taxpayer's property at $10,597,800, allocated $1,475,000 to the land and $9,122,800 to the improvements. Following an appeal by the taxpayer on October 29, 1980 the Middlesex County Board of Taxation entered a judgment reducing this assessment to $8,850,000, allocated $1,475,000 to the land and $7,375,000 to the improvements.[1]
On November 25, 1980 the borough filed an appeal in the Tax Court alleging that the reduction in assessment granted by the county board was in error and did not reflect the true value of the property. In its answer the taxpayer asserted that the 1979 Tax Court judgment was a final judgment within the meaning of the Freeze Act, N.J.S.A. 54:2-43; as a result, the borough was estopped from levying an assessment higher than that reflected in the 1979 judgment. In the alternative, by way of counterclaim, the taxpayer maintained that the borough's 1980 assessment was in excess of the true value of its property.
The taxpayer moved for summary judgment and Judge Andrew granted the taxpayer's motion, ruling, among other things, that "a judgment based upon a stipulation of settlement constitutes a final judgment for the purposes of N.J.S.A. 54:2-43." We agree and affirm.
The borough contends that it was error for the Tax Court to apply the Freeze Act, N.J.S.A. 54:2-43, in this case because the 1979 judgment, to which the act was applied, was entered pursuant to a settlement agreement and thus was unsupported *402 by a factual hearing. Essentially, the borough maintains that the Freeze Act may only be applied to a judgment resulting from a full hearing on the merits issued by a court or board of competent jurisdiction. We disagree.
The relevant provision of the Freeze Act provides as follows:
Where a judgment final has been rendered by the tax court involving real property such judgment shall be conclusive and binding upon the municipal assessor and the taxing district, parties to such proceeding, for the assessment year and for the 2 assessment years succeeding the assessment year covered by the final judgment, except as to changes in the value of the property occurring after the assessment date. Where such changes are alleged, the complaint shall specifically set forth the nature of the changes relied upon as the basis for such appeal. However, the conclusive and binding effect of such judgment shall terminate with the tax year immediately preceding the year in which a program for a complete revaluation of all real property within the district has been put into effect.
Preliminarily, we note that the statute speaks only of a final judgment rendered by the Tax Court and is silent with regard to how that judgment is entered. In support of its position that this statute applies only to judgments issued pursuant to a hearing, the borough relies on Riverview Gardens v. North Arlington, 9 N.J. 167 (1952); In re Strauss, 28 N.J. Super. 526 (App.Div. 1953), and Hamilton Gardens, Inc. v. Hamilton Tp., 45 N.J. Super. 124 (App.Div. 1957). Those cases, however, though equating final judgment with judgment on the merits, do not support the contention that the Freeze Act may not be applied to a judgment on the merits entered by consent.
In Hamilton Gardens the taxpayer appealed from assessments levied in 1952 and 1953 which were in excess of a 1951 judgment entered after a contested hearing before the Division of Tax Appeals.[2] On appeal from the 1952 and 1953 assessments the Division sustained the increase, finding that the 1951 judgment had not fixed the true value of the property and, therefore, that the Freeze Act did not apply. This court reversed:

*403 The design of the act was to remedy "repeated yearly increases in the assessed value of property, not related to or justified by any changes increasing its market value, and resulting in harassment of the taxpayer, subjecting him to the trouble and expense of annual appeals to the county tax board." City of Newark v. Fisher, 8 N.J. 191, 199-200 (1951) (dealing with the corresponding statute, N.J.S.A. 54:3-26, pertaining to judgments of the county board). The language refers to a "final judgment" in the Division. This denotes a judgment on the merits of an appeal contesting an assessment and, as was pointed out in Riverview Gardens v. Borough of North Arlington, 9 N.J. 167, 173 (1952):
"An assessment that is either too high or too low may be `frozen' * * * and remain so for the statutory period unless there were changes in the value of the property `after the assessment date.'"

Cf. Union Terminal Cold Storage Co. v. Spence, 17 N.J. 162 (1954); In re Strauss' Estate, 28 N.J. Super. 526 (App.Div. 1953).
In these days, troubled as they are over problems of true value assessment, Switz v. Township of Middletown, 23 N.J. 580 (1957), acceptance of the restricted viewpoint of the Division would practically nullify the intention of the Legislature. The unqualified reference to final judgment, in association with the remainder of the text, clearly contemplates imposition of the mandatory period of repose following determination on the merits of an attack on the valuation of real property for assessment purposes. [45 N.J. Super. at 127; emphasis supplied]
The borough reads the italicized language, which equates a final judgment with a judgment on the merits, as supporting its position that the Freeze Act applies only to judgments rendered after a hearing. However, nothing in this opinion suggests such an interpretation. The court's reference to a judgment on the merits was intended to prevent the relitigation of a matter decided "on the merits" and not to distinguish it from a judgment entered without a hearing. Clearly, then, this opinion would not preclude the classification of a judgment issued by consent as a judgment on the merits.
Likewise, the borough's reliance on Riverview Gardens and In re Strauss is misplaced. In Riverview Gardens the Supreme Court refused to apply the Freeze Act to a judgment which itself was the result of an earlier application of the Freeze Act. In so holding, the court rejected the taxpayer's argument that the decision to apply the Freeze Act in essence constituted a determination that the earlier assessment was a true value of the property. Instead, the court explained:

*404 The base "assessment year" and "assessment date" specified in the statute are necessarily those at which the last true valuation of the property was determined by the assessor on the merits. The record is clear that in this case that assessment year for which such a determination was made was the 1947 assessment year. The action of the county board and that of the Division of Tax Appeals were mere adjective determinations that the 1947 assessment controlled for the assessment years of 1948 and 1949, and were thus determinations that no new assessment should have been attempted. [9 N.J. at 173; emphasis supplied]
Thus, clearly, the court's application of the Freeze Act to a judgment "on the merits" and not to a "mere adjective determination" was intended to prevent the perpetual application of the act. Again, there is no indication in this opinion that a judgment entered by consent could not constitute a judgment on the merits.
Similarly, the question facing the court in In re Strauss was whether the Freeze Act had been applied to a judgment on the merits or to a judgment which was itself the result of the application of the Freeze Act. In this regard, the court found:
It also seems clear that the county tax board did fix the true valuation of the property for the year 1949, after having taken evidence from both parties and that their decision was made on the merits and was not a mere "adjective" determination. [28 N.J. Super. at 530]
Thus, once again, this court's reference to judgment on the merits was intended to distinguish it from a judgment entered pursuant to the Freeze Act and not to distinguish it from a judgment entered by consent.
Though there is other language in Strauss which apparently supports the borough's position, when read in context it is evident that this language is inconsistent with the rest of the opinion and, with all due respect, makes no sense. The language cited by the borough is as follows:
From the foregoing it is apparent that there was no real determination on the merits by either the county tax board or the Division of Tax Appeals respecting the true valuation of the property for the year 1948, but that the figure finally adopted as the 1948 assessment was that agreed upon by the parties, to implement which the appeal to the Appellate Division was dismissed by consent. [Id. at 529-530]
The problem is that a review of "the foregoing" reveals that similar determinations were treated differently by the court. In *405 Strauss the taxpayer had appealed separately from property assessments levied in 1948 and 1949. In both years the county board reduced the assessment to $385,400 and, in each case, the city appealed. Prior to the final resolution of the matters, however, the parties entered into an agreement for both years pursuant to which they accepted the county board's assessment. Judgments were entered accordingly. With regard to the 1949 judgment the court reasoned that this was a decision on the merits because the agreement had merely incorporated the county board's assessment. However, even though the 1948 judgment similarly incorporated the county board's assessment, the court declared that this judgment was not a determination on the merits. Since the issue before the court was whether the 1949 judgment was a judgment on the merits, so that it could be frozen through 1951, the quoted language is unfortunate dictum, inconsistent with the holding of the opinion, and is thus unpersuasive support for the Borough's position.
Thus, in none of the cases relied upon by the Borough did the court face the issue raised here, namely, whether the Freeze Act appeals to a judgment based on a stipulation of settlement.
The closest case on point is this court's decision in Springfield Tp. v. Weinberg, 178 N.J. Super. 83 (App.Div. 1981).[3] There a hearing was held before the county board with regard to the township's assessment of the taxpayer's building. Since the taxpayer had not challenged the assessment of his land, that determination was not litigated. The question facing this court was whether the Freeze Act, N.J.S.A. 54:3-26,[4] applied to the total judgment rendered by the board (which included a building and a land assessment) or to only that portion which had *406 actually been litigated (the building assessment). In determining that the total judgment constituted "a judgment on the merits for Freeze Act purposes," this court focused on the policy behind the act.
We do not perceive how the policy of the Freeze Act would not be violated if the municipality, despite a county board judgment speaking to that total assessment, were permitted in the following year to increase the total assessment simply by increasing the undisputed component. To permit the municipality to so do would invite and encourage the very mischief of harassment and retaliation which the Freeze Act was designed to prevent. We regard it, moreover, as unnecessarily wasteful of time and expenses to require a taxpayer who only wishes to challenge one component of his assessment to nevertheless challenge both components and to introduce proofs as to a matter not in dispute in order to obtain Freeze Act protection for the revised total assessment produced by his contested appeal to the county board. [at 91-92]
Though we reserved judgment as to the applicability of the Freeze Act to a judgment based exclusively on the parties' consent, we did note:
As we noted in Rothman v. River Edge, 149 N.J. Super. 435, 440-441, n. 1 (App.Div.), certif. den. 75 N.J. 19 (1977), it would appear that final judgments entered by the former Division of Tax Appeals by consent pursuant to N.J.S.A. 54:2-42 would qualify for Freeze Act protection. See, also, Appeal of City of Newark, 37 N.J. Super. 175 (App.Div. 1955). We note that while N.J.S.A. 54:2-42 was repealed by the legislation abolishing the Division and creating the Tax Court, see L. 1979, c. 114, § 15, its import is now applicable to the Tax Court by virtue of R. 8:9-5. We perceive no reason why a consent judgment entered by the county board in conformance with its rules and practices should not be similarly entitled to Freeze Act protection. [at 90 n. 3; emphasis supplied]
It should be noted that the dissenting judge disagreed with the majority's application of the Freeze Act to the entire judgment essentially because "there was no hearing thereon by the county board, no evidence received on the time value of the land and no determination on the merits by the county board fixing the true value of the land." 178 N.J. Super. at 95.
In our view, the decision of the majority is more in accordance with the policy sought to be furthered by the Freeze Act and should be extended to the instant case. As has been frequently stated, "the evil which the `freeze' statute sought to remedy was repeated yearly increases in the assessed value of property, not related to or justified by any changes increasing its market *407 value, and resulting in harassment of the taxpayer, subjecting him to the trouble and expense of annual appeals to the county tax board." Newark v. Fischer, 8 N.J. 191, 199-200 (1951); Union Terminal Cold Storage Co. v. Spence, 17 N.J. 162, 166 (1954); Hasbrouck Heights v. Div. of Tax Appeals, 41 N.J. 492, 497 (1964); Hamilton Gardens, 45 N.J. Super. at 127; Springfield Tp., 178 N.J. Super. at 90; International Fastener Research Corp. v. Kearny, 2 N.J. Tax 494, 497 (Tax Ct. 1981). Clearly if the main concern of the statute is to protect the taxpayer, once a judgment on the merits has been rendered, from arbitrary increases in the assessed value of his property and from the consequent trouble and expense of challenging that increase, there is no logical reason to limit this protection to only those judgments rendered after a hearing. Though a judgment may be entered by consent, the taxpayer nonetheless has gone through the trouble and expense of challenging the assessment and preparing for litigation and the township officials have agreed presumably because it is in the public interest to do so.
Nor is there reason to believe that the value reached by consent, and reduced to judgment in conformance with the rules and practices of the Tax Court, will be any less accurate than one set after a hearing. In any event, it is clear from the case law that determination of true value is not necessarily a prerequisite to the application of the Freeze Act. As the Supreme Court has explained:
An assessment that is either too high or too low may be "frozen" under the cited statutes and remain so for the statutory period unless there were changes in the value of the property "after the assessment date." [Riverview Gardens, 9 N.J. at 173]
Thus, in Hasbrouck Heights v. Div. of Tax Appeals, 41 N.J. 492 (1964), the Supreme Court held that the Freeze Act did apply to a final judgment even though the taxing borough had reappraised the property and discovered that the adjudged assessment was inaccurate. In this regard, the court stated that "the Borough may not relitigate the 1960 assessments issued in the 1961 and 1962 appeals merely because it has obtained additional *408  or better evidence." Id. at 497. Accord, Hamilton Gardens, Inc. v. Hamilton Tp., 45 N.J. Super. 124 (App.Div. 1957).
Last, to deny Freeze Act protection to judgments entered by consent would effectively be to discourage the settlement of tax appeals and, consequently, to force the taxpayer and the municipality to bear the unnecessary trouble and expense of litigating the claim to the end.
We conclude that a judgment based upon a stipulation of settlement approved by the parties and in accordance with Tax Court practice is a judgment on the merits for the purposes of the Freeze Act.
The borough maintains that even if the Freeze Act does apply to stipulated judgments, it only applies to those judgments entered pursuant to the requirements of N.J.S.A. 54:2-42 (repealed effective July 1, 1979). That statute provided:
No judgment shall be entered by the Division of Tax Appeals in the State Department of Taxation and Finance in any appeal from a county board, upon the oral consent or agreement of the taxpayer with the taxing district, municipality or county concerned in such appeal, or their respective attorneys, but the division may enter judgment on such appeals, upon such proof and under such rules and regulations as it may from time to time prescribe, upon the written consents or agreements of the taxpayer and the taxing district, municipality or county concerned, or their respective attorneys, verified by qualified experts as to the facts therein alleged in support of the valuations therein consented to.
With the advent of the Tax Court, this statute was replaced by Tax Court Rule 8:9-5, which provides:
Judgment in a local property tax matter may be entered upon stipulation of the parties supported by such proof as the Court may require.
The borough contends that the adoption of this rule "did nothing more than incorporate the terms of N.J.S.A. 54:2-42 in all respects." Since the stipulation in this case was not supported by an expert's affidavit, the borough asserts that the Freeze Act is inapplicable. We disagree.
Clearly, the rule leaves to the discretion of the Tax Court the proofs necessary to support a stipulated judgment. In support of its position to the contrary, the borough relies on a comment to the rule by Judge Pressler:

*409 R. 8:9-5 follows the practice of the Division of Tax Appeals. This stipulation will require expert's affidavits and may require the affidavit of the assessor as well. [Pressler, Current N.J. Court Rules, Comment R. 8:9-5 (1981)]
Though, in its discretion, the Tax Court may have originally continued the former practice of requiring expert's affidavits, Judge Pressler's 1982 comment to this rule explains that that practice has since been modified.

R. 8:9-5 as originally adopted followed the former practice of the Division of Tax Appeals. The practice of the Tax Court has, in fact, modified the Division of Tax appeals practice by providing a mode of proof alternative to the formally required affidavits of valuation. The current Tax Court practice, approved by the Court's Presiding Judge permits entry of a stipulation of settlement without affidavit provided, however, that the attorneys represent to the court that they have made examination of the value and proper assessment of the properties, have obtained such analysis, information and appraisals with respect thereto as they deem necessary and that the attorney for the taxing district has consulted with the assessor who has concurred in the settlement. It may be anticipated that the practice will be formalized in the future.
[Pressler, Current N.J. Court Rules, Comment R. 8:9-5 (1982)]
In the present case the stipulation was entered by the Tax Court pursuant to its present rules. In fact, the attorney for the borough had advised the taxpayer that a valuation affidavit was not necessary under the new practice in support of the stipulation. Since the judgment was entered in conformance with the rules and practices of the Tax Court, it is entitled to Freeze Act protection.
Finally, the borough maintains that the base year for Freeze Act purposes should be 1977 and not 1979. There was nothing in the stipulation agreement, however, to indicate that the 1978 and 1979 assessments were the result of the application of the Freeze Act. To the contrary, it appears that the assessment for each year was determined separately. The trial judge found that "the 1979 judgment pursuant to settlement constitutes a final judgment within the meaning of the statute," and we conclude that finding should not be disturbed. Moreover, there is no merit to the borough's contention that the Freeze Act cannot apply to this stipulation because the agreement did not incorporate its availability. As the trial judge explained:

*410 The parties' consent is not a prerequisite to the operation of the statute. Upon a motion made by the taxpayer, the statute directs the court to apply the freeze provided neither of the two exceptions contained therein is established. The absence of an agreement by the parties to apply the Freeze Act is not relevant.
The judgment of the Tax Court is affirmed.
NOTES
[1] As Judge Andrew noted in his opinion:

It is not clear whether the 1980 county board judgment was based on a freeze of the 1979 Tax Court judgment. There is a notation on the county board judgment ("Judgment Code # 40; Code # 40 only; Tax Court Judgment") that indicates that this might have been the case.
[2] The functions of the Division of Tax Appeals were, by the 1979 amendment of N.J.S.A. 54:2-33, transferred to the Tax Court, created by N.J.S.A. 2A:3A-1 et seq., L. 1978, c. 33. See Springfield Tp. v. Weinberg, 178 N.J. Super. 83, 86, n. 1 (App.Div. 1981).
[3] This issue was noted but not decided by this court in Rothman v. River Edge, 149 N.J. Super. 435, 440, n. 1 (App.Div. 1977), certif. den. 75 N.J. 19 (1977).
[4] N.J.S.A. 54:3-26 freezes judgments of the county board which have not been appealed. In all other respects it is identical to the provisions of N.J.S.A. 54:2-43.