HAMILL, J.T.C.
Before the court is plaintiffs motion to apply the Freeze Act for the 1995 tax year based on a county tax board judgment for the 1993 tax year.
The property at issue is Block 86, Lot 12 in Freehold Township. On June 23,1993, the Monmouth County Board of Taxation issued a judgment that “sustained without prejudice” the 1993 assessment on the property at $7,900,000. Plaintiff appealed the judgment of the county board to the Tax Court, but on September 20, 1995 withdrew the appeal.
For 1995, the property was again assessed at $7,900,000. Plaintiff filed a direct appeal with the Tax Court, and the township filed a counterclaim seeking to increase the assessment. On September 19, 1995, plaintiff advised that it was withdrawing its 1995 complaint as to valuation, and on October 20, 1995, the Tax Court entered a judgment dismissing the complaint. Defendant has not withdrawn the counterclaim, and the matter has been scheduled for trial.
In urging application of the Freeze Act to the 1993 county tax board judgment, plaintiff argues that the county board judgment is conclusive and binding upon the assessor. Plaintiff concedes that there was no valuation hearing at the county board. Rather, plaintiffs counsel, with the consent of the assessor, wrote to the *422 county board asking that the assessment be affirmed without prejudice so that plaintiff could take its appeal to the Tax Court without the necessity of appearing and presenting evidence at the county board. Plaintiff further concedes that the county board judgment affirming without prejudice was not part of a larger settlement of various lots. Plaintiff did not appear at the county board, and the board, as requested, sustained the assessment without prejudice.
In response, defendant asserts that plaintiff is not entitled to the protection of the Freeze Act because the county board judgment sustaining the assessment without prejudice was not a judgment on the merits. Defendant points out that no evidence of value was presented at the hearing. Defendant additionally argues that, if a taxpayer could obtain the benefit of the Freeze Act on the basis of an affirmance without prejudice by the county board, astute taxpayers will file appeals with the county boards, have them sustained without prejudice, and will not file in the Tax Court since the freeze will apply to the county board judgments. Finally, defendant asserts that a judgment “without prejudice” means a judgment that does not prejudice either party. This will not be the case if a taxpayer can use such a judgment as the basis for freezing an assessment for the two subsequent years.
In reply, plaintiff asserts that no “decision has ever held that the County Tax Board determination must be based upon a judgment on the merits in order for a taxpayer to be entitled to Freeze Act protection.”
The county tax board Freeze Act was enacted in 1946 by way of an amendment to N.J.S.A. 54:3-26. L. 1946, c. 161, § 18. The amendment was prompted by actions of assessors who, year after year, would restore assessments to their original levels despite yearly taxpayer appeals and yearly reductions by the county tax boards and the courts. Report to the Honorable Charles Edison, Governor of New Jersey, Hudson County Board of Taxation, at 16 (Jan. 15, 1943).
*423 As stated in Newark v. Fischer, 8 N.J. 191, 84 A.2d 547 (1951), the Freeze Act
was intended to govern the frequency of appeals as to disputed amounts of assessments and not the tax exempt status of real property.
The evil which the “freeze” statute sought to remedy was repeated yearly increases in the assessed value of property, not related to or justified by any changes increasing its market value, and resulting in harassment of the taxpayer, subjecting him to the trouble and expense of annual appeals to the county tax board.
[Id. at 199-200, 84 A.2d 547]
Having concluded that the Freeze Act applied to appeals involving the valuation of real property, not its taxable status, the Court held that Newark was not barred from treating the property as taxable for 1948 and 1949 by reason of a county tax board judgment canceling the assessment for 1947. Id. at 198-200, 84 A.2d 547.
The Court expressed the idea even more clearly in another tax exemption case, stating that the Freeze Act applies to a “judgment with respect to valuation,” not one respecting tax exempt status. Boys’ Club of Clifton, Inc. v. Jefferson Tp., 72 N.J. 389, 405, 371 A.2d 22 (1977).
The clear import of Newark v. Fischer, supra and Boys’ Club of Clifton, Inc. v. Jefferson Tp., supra, is that, if the judgment sought to be “frozen” does not pertain to valuation, the purpose of the Freeze Act to limit the frequency of valuation appeals is not implicated. Thus, there is no reason to apply the Freeze Act in such a situation.
Even though a taxpayer may file a valuation appeal, the cases strongly suggest that a judgment in such a ease does not carry the benefit of the Freeze Act unless that judgment is a judgment determining the assessed value of the property. In Southgate Realty Assocs. v. Bordentown Tp., 246 N.J.Super. 149, 586 A.2d 1338 (App.Div.1991), the court concluded that a taxpayer was not entitled to a judgment affirming the assessment when the township successfully moved to dismiss the appeal for failure to respond to a chapter 91 request. Id. at 155, 586 A.2d 1338. The *424 taxpayer argued that the township had placed the “reasonableness” of the assessment in issue by making its chapter 91 motion. The court disagreed, stating that the township had not placed the reasonableness of the assessment in issue and that the taxpayer had failed to pursue its right to a reasonableness hearing. In the court’s view, a judgment affirming the assessment might carry the benefit of the Freeze Act. This would be an inappropriate result where a taxpayer failed to comply with a chapter 91 request and failed to pursue the option of a reasonableness hearing. Ibid, While the court may not have expressly so stated, the import of its analysis is that the Freeze Act should not apply to a judgment that does not encompass a determination of assessed value.
The Appellate Division was more specific in Hamilton Gardens, Inc. v. Hamilton Tp., 45 N.J.Super. 124, 131 A.2d 559 (App.Div. 1957); In that case the Division of Tax Appeals had issued a judgment after a valuation hearing. The judgment affirmed the assessment on the ground that the assessment was not in excess of fair market value and, based upon the income from the property, was fair. Id. at 126, 131 A.2d 559. The Appellate Division held that this was a judgment on the merits in an action contesting the assessment.. Accordingly, the judgment was subject to the Freeze Act. In the court’s words, the judgment referenced in the Freeze Act statute, N.J.S.A 54:2-43[2] is a “determination on the merits of an attack on the valuation of real property for assessment purposes.” 45 N.J.Super. at 127, 131 A.2d 559. As made clear in Hamilton Gardens, as early as 1957, the Appellate Division held that a judgment entitled to carry the Freeze Act is a judgment “on the merits” pertaining to “the valuation of real property for assessment purposes.” Ibid.
To similar effect are the holding and reasoning of Union City Assocs. v. Union City, 10 N.J. Tax 581 (Tax 1989), aff'd, 247 N.J.Super. 249, 588 A.2d 1279 (App.Div.1991). The Tax Court *425 there held that a judgment of withdrawal does not carry the benefit of the Freeze Act because such a judgment “has none of the attributes of an adjudication on the merits, nor does it reflect the good-faith accommodation of the parties embodied in a settlement stipulation.” 10 N.J. Tax at 588.[3]
Finally, the opinions of the Appellate Division and Supreme Court in South Plainfield Bor. v. Kentile Floors, Inc., 186 N.J.Super. 399, 453 A.2d 182 (App.Div.1982), aff'd, 92 N.J. 483, 457 A.2d 450 (1983), confirm the fact that a judgment that carries the Freeze Act must be one on the merits that fixes the assessed value. The opinions conclude that the Freeze Act applies to a judgment of settlement fixing the valuation of real property even though there has been no hearing on valuation. As made clear by both courts, applying the Freeze Act to a judgment of settlement carries out the purposes of the Act to relieve the taxpayer of the trouble and expense of repeated, annual, valuation litigation requiring the filing of an appeal and preparation for trial. Where a taxpayer has gone to the trouble and expense of challenging the assessment and preparing for litigation, the purpose of the Freeze Act is carried out by freezing a judgment based on the parties’ settlement of the matter. 186 N.J.Super. at 407, 453 A.2d 182, 92 N.J. at 487-89,457 A.2d 450.
Neither of the two cases relied upon by plaintiff supports its position that the Freeze Act should apply to a county tax board judgment sustaining an assessment without prejudice, which is entered without a hearing and without the taxpayer’s appearing at the county board. The issue in Union City Assocs. v. Union City, 223 N.J.Super. 316, 538 A.2d 836 (App.Div.1988), rev.’d on other grounds, 115 N.J. 17, 556 A.2d 769 (1989), was not whether a particular county tax board judgment was a judgment on the merits capable of carrying the Freeze Act but rather whether the county tax board judgment was “a nullity because a timely Tax *426 Court complaint deprives a county tax board of jurisdiction over a disputed assessment.” 223 N.J.Super. at 320, 538 A.2d 836. Reversing the Tax Court, the Appellate Division concluded that the county board did not automatically lose jurisdiction on the filing of a Tax Court complaint. On the question of whether the county tax board judgment in question could carry the benefit of the Freeze Act, the Appellate Division remanded to the Tax Court to determine the nature of the proceeding before the county board. If valuation had been litigated or a judgment had been entered as a result of settlement, the court indicated that the Freeze Act would apply. On the other hand, if the “judgment was only a housekeeping matter because the taxpayer agreed to submit the appeal to the Tax Court,” the judgment would not be eligible for the Freeze Act. Id. at 322, 538 A.2d 836. Far from supporting plaintiff, Union City Associates supports the conclusion that the Freeze Act does not apply to a judgment entered by the county board for the express purpose of permitting a taxpayer to bypass a hearing and proceed direct to the Tax Court.
Plaintiffs reading of Curtiss Wright Corp. v. Wood-Ridge Bor., 4 N.J. Tax 68 (Tax 1982), is not accurate when the words of the opinion are placed in context. Curtiss Wright was decided after the Tax Court had issued its opinion in South Plainfield Bor. v. Kentile Floors, 4 N.J. Tax 1, 183 N.J.Super. 359, 443 A.2d 1122 (Tax 1981) aff'd 186 N.J.Super. 399, 453 A.2d 182 (App.Div.1982) aff'd 92 N.J. 483, 457 A.2d 450 (1983) but prior to issuance of the Appellate Division and Supreme Court opinions in the Kentile case. The issue in Curtiss Wright, as in Kentile Floors, was whether the Freeze Act applied to a judgment of settlement of the valuation issue. Judge Evers held that the Act did apply. In so concluding, he stated that the Legislature “provided, without qualification, that the protective shelter of the freeze should extend to all judgments,” not simply “judgments on the merits.” Id. at 79. Taken in context, it is clear that Judge Evers was distinguishing between judgments based upon a settlement between the parties as opposed to judgments entered after a hearing on the merits. The court used the term “judgment on the merits” to mean a judgment entered after a hearing on the merits. There *427 is nothing in the case to suggest that the court’s reference to “all judgments” meant judgments not involving a determination of value, e.g., judgments affirming the assessment without prejudice and judgments of withdrawal. In fact, the opposite is true. Judge Evers made clear that judgments based on a withdrawal of the appeal do not have the benefit of the Freeze Act because these judgments involve no determination of value. Ibid.
In sum, defendant is correct that a judgment of a county board of taxation that affirms or sustains an assessment without prejudice and involves no hearing or settlement of the valuation issue does not carry the benefit of the Freeze Act. When a county board judgment does not reflect value considerations, either by the board at the conclusion of a contested hearing or by the parties in settlement of the valuation issue, the Freeze Act does not apply. If this were not the case, as defendant points out, a judgment affirming or sustaining without prejudice, the purpose of which is simply to permit a taxpayer to appeal to the Tax Court without the expense and trouble of a hearing at the county board, would become a device for obtaining the benefit of the Freeze Act without a determination involving value and without an appeal to the Tax Court. Under these circumstances, taxing districts would clearly be “prejudiced,” which is precisely what an affirmance “without prejudice” is intended to avoid.
For the above reasons, plaintiffs motion for applieátion of the Freeze Act to the 1993 judgment of the Monmouth County Board is denied.

 N.J.S.A. 54:2-43 has been replaced by N.J.S.A. 54:51A-8, the Tax Court Freeze Act. The language of the Tax Court Freeze Act is, as pertinent here, identical to the language of the county tax board Freeze Act.

 The Freeze Act may, however, apply to a judgment that encompasses the withdrawal of the appeal as to certain lots as part of a settlement of several lots. 2nd Roc-Jersey Assocs. v. Morristown Town, 11 N.J. Tax 45, 54 (Tax 1990).