# TAX COURT OF NEW JERSEY



**CHRISTINE M. NUGENT**
JUDGE

Essex County Dr. Martin Luther King Jr Justice
Building
495 Martin Luther King Blvd
Fourth Floor
Newark, New Jersey 07102-0690
(609) 815-2922 Ext. 54610

April 22, 2022

Michael I. Schneck, Esq.
Schneck Law Group LLC.
301 South Livingston Avenue, Suite 105
Livingston, New Jersey 07039

John F. Casey, Esq.
Chiesa, Shahinian & Giantomasi PC
One Boland Drive
West Orange, New Jersey 07052

Re:  **The Top Condominium v. Township of South Orange Village**
Docket No.   009306-2013

Dear Counsel:

This letter constitutes the court's decision with respect to plaintiff's motion to freeze the 2013 judgment to set the assessment for tax years 2014 and 2015 pursuant to N.J.S.A 54:51A-8, commonly known as the Freeze Act.[1]

## I.  Statement of Facts and Procedural History

The within tax appeals involve real property developed as The Top Condominium ("The Top").  The improvements were constructed in a unique manner on the border of two municipalities, Maplewood, and South Orange.  For the years here under appeal, taxpayer, the Top Condominium Association, was the record owner the of real property located in South Orange at 1616 South Orange Avenue, West, also known as block 2605, lot 1 ("Subject Property"). The Subject Property is comprised of 1.46 acres improved with a driveway, shrubbery, and plantings,

---

[1] In their motion papers the parties initially referenced N.J.S.A. 54:3-26 which submits a County Board Judgment for which no review is sought to the same freeze provisions that apply to a final judgment of the Tax Court. N.J.S.A 54:51A-8.  For the sake of clarity, judgment here would be entered pursuant to N.J.S.A 54:51A-8.






all of which serve as common elements of the condominium. In 2014 through 2016 defendant levied assessments on the Subject Property as a single line item in the name of The Top Condominium. Appeals challenging the assessments are pending before this court.

In 2011, 2012 and 2013 the assessor similarly assessed the Subject Property against the condominium association. On the merits of plaintiff's legal arguments on summary judgment the court voided the assessments, and the decision was affirmed on appeal. The ruling was rendered by Tax Court Judge Kathi Fiamingo in a 2014 unpublished opinion. Defendant filed in the Appellate Division and in 2016 the court affirmed Judge Fiamingo in an opinion likewise unpublished. Plaintiff did not file a cross-appeal.

Judge Fiamingo there had under consideration a renewed motion for summary judgment in deciding the question before the court. On the motion as initially presented a different judge of the Tax Court found a question of material fact existed as to whether the value of the Subject Property was already contained within the Maplewood unit assessments. Citing law that operates to bar a municipality from taxing property outside its borders (absent a joint resolution with the bordering taxing district) Judge Fiamingo disposed of that issue. Per the statute, "When the line between taxing districts divides a tract of land, each part shall be assessed in the taxing district where located, unless the governing body of one of the taxing districts shall by resolution request that the entire tract be assessed by the adjoining taxing district in which a portion of the tract is located." N.J.S.A. 54:4-25. See also Harvey v. Orland, 108 N.J. Super. 493 (Ch. Div. 1970), aff'd, 118 N.J. Super. 104 (App. Div. 1972) (one municipality has no legal authority to assess taxes against property situate in another municipality absent compliance with the statute). Neither taxing district has enacted a resolution.

The judge then turned to provisions of the New Jersey Condominium Act (N.J.S.A. 46:8B-1 to -38) to resolve the motions and determine the validity of the assessments levied against the condominium association.  The Act makes clear "[e]ach unit shall constitute a separate parcel of real property . . ." N.J.S.A. 46:8B-4, and as such is separately taxable.  Central to the condominium ownership scheme each unit "includes the proportionate undivided interest in the common elements and in any limited common elements assigned thereto in the master deed or any amendment thereof."  N.J.S.A. 46:8B-3(o).  The Act directs that all taxes and special assessments "imposed by any taxing authority shall be separately assessed against and collected on each unit as a single parcel, and not on the condominium property as a whole."  N.J.S.A. 46:8B-19.  Judge Fiamingo likewise cited cases that prohibited the separate assessment of certain common elements, City of Atlantic City v. Warwick Condo. Ass'n, 334 N.J. Super 258 (App. Div. 2000) (parking lot constituted a common element and could not be separately assessed); Glenpointe Assocs. v. Teaneck Twp., 10 N.J. Tax 288 (Tax 1998) (recreation facilities were common elements not subject to separate assessment) and entered judgment voiding the 2011 through 2013 assessments on the Subject Property levied in the name of the condominium association.

The judge juxtaposed the provisions of the Condominium Act with the right and obligation of South Orange to tax all non-exempt property within its district, N.J.S.A. 54:4-1; N.J. Const. art. VIII, sec. 1, Par. 2, in concluding that the Subject Property is taxable, but not as against the condominium association.  The court found that such taxes are to be allocated among the condominium unit owners on the percentages set forth in the condominium's Master Deed. Plaintiff now seeks to obtain judgment through application of the Freeze Act to the 2013 base year. If granted, the Freeze Act judgment would serve to continue the 2013 assessment for the two succeeding tax years, 2014 and 2015.

3

II.  Legal Analysis

As per N.J.S.A. 54:51A-8, "Conclusiveness of judgment; changes in value; effect of revaluation program"

> Where a judgment not subject to further review has been rendered by the Tax Court involving real property, the judgment shall be conclusive and binding upon the municipal assessor and the taxing district, parties to the proceeding, for the assessment year and for the two assessment years succeeding the assessment year covered by the judgment, except as to changes in the value of the property occurring after the assessment date. The conclusive and binding effect of such judgment shall terminate with the tax year immediately preceding the year in which a program for a complete revaluation or complete reassessment of all real property within the district has been put into effect. If as of October 1 of the pretax year, the property in question has been the subject of an addition qualifying as an added assessment, a condominium or cooperative conversion, a subdivision or a zoning change, the conclusive and binding effect of such judgment shall terminate with said pretax year.

N.J.S.A. 54:51A-8 operates to freeze an assessment for a tax year in which final judgment has been entered by the Tax Court, also called the base year. Commonly known as the Freeze Act, the statute is self-executing and automatically freezes the base year assessment for the two following tax years subject to two exceptions, a change in value or a district revaluation. Clearview Gardens Assocs. v. Twp. of Parsippany/Troy Hills, 196 N.J. Super. 323 (App. Div. 1984). The self-executing feature of the statute does not apply where the judgment for the base year becomes final after the assessing dates for the freeze years have passed and application to invoke the Act is required. Id.

The purpose of the Freeze Act is to eliminate "repeated yearly increases in the assessed value of property, not related to or justified by any changes increasing its market value, and resulting in harassment of the taxpayer, subjecting him to the trouble and expense of annual appeals." City of Newark v. Fischer, 8 N.J. 191, 199-200 (1951); Twp. of Springfield v. Weinberg,

4

178 N.J. Super. 83, 90 (App. Div. 1981). It is intended to "limit the frequency of valuation appeals." Rainhold Holding Co. v. Freehold, 15 N.J. Tax 420, 423 (Tax 1996). "[O]nly judgments based upon valuation of the property trigger the protections of the Freeze Act." Grandal Enterprises, Inc. v. Keansburg, 292 N.J. Super. 529, 539 (App. Div. 1996); Snyder v. Borough of South Plainfield, 1 N.J. Tax 3 (Tax 1980).

In this case, judgment on the 2013 base year lists the assessment on the Subject Property as "$0." Plaintiff argues that the judgment "lowered the assessment" from $239,700 to $0 and thereby warrants application of the statute to freeze the $0 assessment in the two subsequent tax years, 2014 and 2015. Defendant acknowledges that Judge Fiamingo's ruling resulted in a zero assessment for base year 2013 but argues that the judgment was based on the legal prohibition against taxing "the condominium as a whole" rather than the court's determination of value.

In opposition to the motion, defendant relies on Hackensack City v. Bergen Cnty., 30 N.J. Tax 240 (Tax 2017), where the plaintiff sought to apply the freeze to a judgment on which the county tax board recorded an exempt tax code (30C) and a $0 assessment. In rejecting application of the freeze statute, that court found no evidence that the county tax board had considered the fair market value of the property. The court concluded "the $0 on the judgment reflects the effect of the tax exemption . . . not value." Id. at 252.

Plaintiff contends that this case is distinguishable from Hackensack City in two ways: first, the ruling should not apply because the judgment in this case did not involve an exempt property. The concern about applying the Freeze Act to an exemption, since use of the property can change every year, is not implicated here because the Subject Property is not exempt. Second, Judge Fiamingo "did set an accurate value" on the Subject Property. Per plaintiff, "Judge Fiamingo held that The Top owns no property in the Township subject to taxation. Appropriately, the assessment

on non-existent property is $0." Defendant contends that position is contrary to the case law which requires an actual determination of value to invoke the Freeze Act.

This court is unpersuaded by plaintiff's position. Well settled case law makes clear that the Freeze Act applies when judgment is entered on a determination of value. The 2013 judgment reflects the judge's decision to set aside the assessment as contrary to law. It does not represent a finding of value. The courts have consistently denied application of the Act where judgment is entered on some basis other than value. See Rainhold Holding Co., 15 N.J. Tax 420 (Freeze Act does not apply where judgment was entered by County Board affirming assessment to permit taxpayer to bypass Board proceeding and to file direct appeal with Tax Court); accord Union City Assocs. v. Union City, 223 N.J. Super. 316, 322 (App. Div. 1988), rev'd on other grounds, 115 N.J. 17 (1989) (Freeze Act applicable only where judgment results from trial, or by settlement or consent of the parties not where judgment is entered "only [as] a housekeeping matter"). See also Boy's Club of Clifton v. Twp. of Jefferson, 72 N.J. 389, 405 (1977) (statue has no application to a judgment regarding the tax-exempt status of a property); Fischer, 8 N.J. 191 (exemption).

Evidence of the Subject Property value was never presented or considered by the judge in arriving at a final judgment for the 2013 base year. The same rationale precludes relief on plaintiff's argument that the $0 figure was the result of a "lowered assessment." As in Hackensack City, the assessment here reflects a legal determination not subject to the Freeze Act. Judgment was entered based on the judge's review of the relevant law and interpretation of the Condominium Act which permitted assessment "against the individual unit" and prohibited assessment against "the condominium as a whole" rather than a decision by the court to reduce or fix the assessment

based on proof of the property's value.[2]  Judge Fiamingo found the assessments for the years in question to be "improper" and voided them as a matter of law.  Hers was a determination wholly unrelated to value that bars application of the Freeze Act.

III.    Conclusion

For the reasons set forth hereinabove, plaintiff's motion for application of the Freeze Act is denied.

Very truly yours,

/s/ Christine M. Nugent, J.T.C.

**HON. CHRISTINE M. NUGENT, J.T.C.**

---

[2]  This court would be remiss in omitting reference to evidence produced in support of the summary judgment motion before Judge Fiamingo where taxpayer presented a certification and a letter opinion from an appraisal expert who opined that the value of the Subject Property was contained within the Maplewood unit assessments.  The court wholly rejected the proffer reasoning that even if the condominium association were to provide sufficient proof that Maplewood included the value of the South Orange tract in its assessment it would beg the question as to what authority Maplewood may have to assess property not located within its taxing district in the absence of compliance with N.J.S.A. 54:4-25.